UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS

Cause No.: **4:23-cv-00371**

| | |
|---|---|
| LEWIS BROOKS MCKENZIE,<br>  Plaintiff-Petitioner, | ) In a removal from the 233rd Judicial<br>) District Court of Tarrant County, TX<br>) State case number: 233-651265-18 |
| v. | )<br>) |
| STATE OF TEXAS, HOLLY HAYES, and<br>KELLI MARIE (RAYBURN) MCKENZIE,<br>  Defendant-Respondents. | ) FORMAL DEMAND FOR JURY TRIAL<br>)<br>) CONSTITUTIONAL CHALLENGES<br>)<br>) INJUNCTIVE RELIEF REQUESTED |

## Amended Emergency Motion to Quash Post-Removal State Court Orders

Comes now the removal Petitioner, Lewis Brooks McKenzie, requests this Honorable Court QUASH null and void orders entered without jurisdiction in this matter by the State court. Hearings proceeded and a Capias warrant issued by the State Court *after* Petitioner removed this State case to Federal jurisdiction.

## Motion to Quash All State Court Orders Issued Post-Removal

This Emergency Motion to Quash is sought as the Plaintiff is living everyday under an unlawful, politically motivated Capias warrant that was issued illegally after Federal removal. This is a clear case of official oppression and criminal conduct by the Defendants.

Petitioner removed the referenced State case on April 17, 2023. Removal places an

1

automatic stay upon the state court during the pendency of removal jurisdiction within the federal court. 28 USC § 1446(d). Those orders are strictly void *ab initio*, as there was no jurisdiction by this state court during the pendency of removal, and they are still void *ab initio* even if the removal was unsuccessful.

The State court, Defendant Holly Hayes, and all other parties were made aware that this case had been removed to Federal Court. Subsequent to this lawful removal to Federal court, and after being notified via the eFile Texas system and direct emails where possible, the State court, in apparent collaboration with Defendant Hayes, issued a Capias warrant for this Plaintiff. This pattern of behavior by the State courts in Tarrant County is evidenced in the State court's refusal to follow State and Federal laws in this case since its inception in 2018.

The very same rogue courts of Tarrant County and Texas, via its officers (judges opposing counsels, Texas Office of Attorney General and its employees, state and county actors, etc.), were already fully aware of the legal effect of removing any jurisdiction of State courts and actors, whilst removal into federal court is pending.

On April 17th, 2023 this instant removal action was filed, with obligatory state court Notice filed the same date with the state court clerk (eFiled with service to listed parties), Defendants were duly served of same, and Defendant Hayes was emailed a copy of the removal. *See* Docket.   At that point, Defendants chose to ignore the removal and continue, in violation of law; *See* Exhibits A and B.

This Court should now QUASH all such state court orders and entries for total lack of jurisdiction during removal to this federal Court.

## THE STATE COURT ORDERS ISSUED DURING REMOVAL ARE VOID AB INITIO

1. Proper completion of all removal procedural steps by the state court defendant perfects the removal of state court jurisdiction into the federal court, and that any state court action attempted during pendency of removal is absolutely void. This fact is well and universally understood by federal and state courts all across the nation.

2. Federal removals are governed by 28 U.S.C. § 1446. 28 U.S.C. § 1446(d) dictates that, once a case is removed, the state court case can "proceed no further unless and until the case is remanded." Extensive federal and state precedent has determined and affirmed that two (2) filing steps complete and perfect the removal, and so establish federal jurisdiction and remove state court jurisdiction: "Since the adoption of § 1446, it has been uniformly held that the state court loses all jurisdiction to proceed immediately upon the filing of the petition in the federal court and a copy in the state court." *South Carolina v. Moore*, 447 F.2d 1067, 1073 (4th Cir. 1971), citing *Hopson v. North American Insurance Co.*, 71 Idaho 461, 233 P.2d 799; *State ex rel. Gremillion v. NAACP*, La. App., 90 So.2d 884; *Bean v. Clark*, 226 Miss. 892, 85 So.2d 588; *State v. Francis*, 261 N.C. 358, 134 S.E.2d 681; *Schuchman v. State*, Ind., 236 N.E.2d 830; *Adair Pipeline Co. v. Pipeliners Local Union No. 798*, 325 F.2d 206 (5th Cir. 1963).

3. Moreover, the possibility and/or fact of subsequent remand by the federal court is irrelevant to the fact of temporary removal of state court jurisdiction into the federal court, i.e., *even if* the removal is ineffective, orders entered by the state court during the period of removal jurisdiction are still **void** for lack of jurisdiction. Even if a case is eventually ruled to be not removable, "the proceedings in the state court in the interval between the filing and service of the removal petition and the remand order [are] void." *South Carolina v. Moore* at 1069. In the same ruling, the Fourth Circuit elaborated that "any proceedings in the state court after the filing of the petition and prior

3

to a federal remand order are absolutely void, despite subsequent determination that the removal petition was ineffective." *Id*. at 1073.  The Fourth Circuit reconfirmed these holdings of its prior decision, in *Ackerman v. ExxonMobil*, by ruling:

> Because § 1446(d) explicitly states that 'the State court shall proceed no further' once removal is effected, 28 U.S.C. §1446(d), we agree with the Defendants that the statute deprives the state court of further jurisdiction over the removed case and that any post-removal actions taken by the state court in the removed case action are void ab initio. *See* South Carolina v. Moore, 447 F.2d 1067, 1072-73 (4th Cir. 1971); accord Polyplastics, Inc. v. Transconex, Inc., 713 F.2d 875, 880 (1st Cir. 1983).
>
> – Kenneth Ackerman v. ExxonMobil Corporation, 12-1103 at 16 (4th Cir. 2013).

4. The Fifth Circuit also "super-reaffirmed" the Fourth Circuit's ruling in Moore:

> In National Steam-Ship Co. v. Tugman, 106 U.S. 118, 1 S. Ct. 58, 27 L. Ed. 87 (1882), the Supreme Court held that the removal of a case from state court to federal court ends the power of the state court to act. Upon the filing, therefore, of the petition (for removal) and bond ... the jurisdiction of the state court absolutely ceased, and that of the circuit court immediately attached. The duty of the state court was to proceed no further in the case. Every order thereafter made in that court was coram non judice, unless its jurisdiction was actually restored. 106 U.S. at 122, 1 S.Ct. at 60. *See* Johnson v. Estelle, 625 F.2d 75, 77 (5th Cir. 1980) (per curiam); South Carolina v. Moore, 447 F.2d 1067, 1073 (4th Cir. 1971); Allman v. Hanley, 302 F.2d 559, 562 (5th Cir. 1962). The jurisdiction of the state court is not restored unless and until the federal court remands the case. Lowe v. Jacobs, 243 F.2d 432, 433 (5th Cir. 1957), cert. denied, 355 U.S. 842, 78 S. Ct. 65, 2 L. Ed. 2d 52 (1957). A state court judgment in a case that has been removed may not foreclose further federal proceedings in the removed case and the federal court may enjoin a party from enforcing the state court judgment. Adair Pipeline Co. v. Pipeliners Local Union No. 798, 325 F.2d 206 (5th Cir. 1963); Roach v. First National Bank of Memphis, 84 F.2d 969 (5th Cir. 1936).
>
> – *E. D. Systems Corporation v. Southwestern Bell Telephone* Company, 674 F.2d 453 at §§ 19-21 (5th Cir. 1982)

5. *See* also, e.g., *California ex rel. Sacramento Metro. Air Quality Mgmt. Dist. v. United States*,

215 F.3d 1005, 1011 (9th Cir. 2000) ("The removal of an action to federal court necessarily divests state and local courts of their jurisdiction over a particular dispute."); *Maseda v. Honda Motor Co.*, 861 F.2d 1248, 1254 (11th Cir. 1988) ("[A]fter removal, the jurisdiction of the state court absolutely ceases and the state court has a duty not to proceed any further in the case."); *Kane v. St. Raymond's Roman Catholic Church*, No. 14-CV-7028 AJN, 2015 WL 4270757, at *3 (S.D.N.Y. July 13, 2015) (Nathan, J.) ("Under 28 U.S.C. § 1446(d), all state-court proceedings must cease once a notice of removal has been filed, unless and until the action is remanded to the state court.").

6. It is not just universally the federal courts, but the state courts at large across America also understand and agree that state court orders entered during pendency of removal are void.

7. *See*, e.g., *Farm Credit Bank of St. Paul v. Ru*b, 481 N.W.2d 451, 456 (N.D. 1992) ("The current removal statute provides that, upon a filing of a notice of removal, "the State court shall proceed no further unless and until the case is remanded." 28 U.S.C. § 1446(d). As a general rule, "a state court adjudication, while a removal petition is pending in federal court, is void, even if the federal court subsequently determines that the case is not removable.").

8. *See also Vigil v. Mora Indep. Sch.*, 841 F. Supp. 2d 1238, 1240-41 (D.N.M. 2012) (Hansen, J.). In *Vigil v. Mora Independent Schools*, for example, the state magistrate court held a hearing despite the defendant's decision to remove the case. *See* 841 F. Supp. 2d at 1240. The Honorable C. Leroy Hansen, Senior United States District Judge for the District of New Mexico, held that the state hearing was "void *ab initio*," adding that "the party who removed the case is not obligated to appear in state court and litigate the suit on the merits if the state court exercises jurisdiction in defiance of the removal." 841 F. Supp. 2d at 1240-41; *See*

5

Exhibits A and B, for this exact violation by the Defendants.

9. The universal understanding of the state courts themselves acknowledging transfer of case jurisdiction into the federal court upon removal is very well documented even by the legal industry itself. *See* 14C Wright & Miller § 3736 ("According to a significant number of decided cases . . . any post-removal proceedings in the state court are considered *coram non judice* and will be vacated by the federal court even if the removal subsequently is found to have been improper and the case is remanded back to that state court."). The great bulk of reported cases are consistent with this interpretation. *See* also 38 A.L.R. Fed. 824 (listing state cases holding that state courts "could not ignore allegedly deficient removal petitions").

## CONCLUSION AND PRAYER FOR RELIEF

This state court was deprived of jurisdiction during removal, and its aforementioned rogue orders issued unlawfully during that same period of time were and are manifestly unjust, because they are both void *ab initio*. Plaintiff seeks simple relief as a question of law universally affirmed by all federal courts, all state courts, and the legal industry.

Accordingly, this undersigned removal Petitioner is entitled under law: that the rogue state court orders knowingly issued without any jurisdiction post-removal are quashed. This Petitioner is also entitled to various other related remedial relief within these premises.

**WHEREFORE,** the undersigned removal Petitioner prays the Court vacate, quash, enjoin, or otherwise annul the void state court orders complained of herein that were issued by the state court without jurisdiction during the former pendency of the prior

removal action in this federal Court, and Movant also prays for all other true and just and lawful relief within these premises.

.

                              Respectfully submitted,

                              /s/ signature

                              Lewis Brooks McKenzie
                              706 W. 4th St.
                              Clarksville, Texas 75426
                              Tel:   972-837-5678
                              Email: LBMTCU@gmail.com
                              *Plaintiff-Petitioner Party of Record*

<u>CERTIFICATE OF SERVICE</u>

I hereby certify: that on this 2nd day of May, 2023, a true and complete copy of the above *notice* by depositing same via certified first class postage prepaid mail, RRR via USPS, if not performed via formal process server, has been duly served upon:

*(Statutory Intervenor United States)*
c/o U.S. Attorney General Merrick Garland
Office of the United States Attorney General
U.S. Department of Justice
950 Pennsylvania Avenue, NW
Washington, DC  20530-0001

*(Statutory Intervenor United States)*
c/o U.S. Attorney Ashley C. Hoff
Office of the U.S. Attorney TXWD
903 San Jacinto Blvd
Suite 334
Austin, TX  78701

*(Cross-Defendant State of Texas)*
State of Texas
c/o Secretary of State Executive Office
P.O. Box 12887
Austin, TX  78711-2887

*(Cross-Defendant State of Texas)*
State of Texas
c/o Attorney General W. Kenneth Paxton
P.O. Box 12548
Austin, TX  78711-2548

*(Cross-Defendant Holly Hayes)*
Holly Hayes
c/o Child Support Enforcement
2001 Beach St., STE 800
Fort Worth, Texas 75103-2300

*(Counter-Defendant Kelli Marie (Rayburn) McKenzie)*
Kelli Marie (Rayburn) McKenzie
7913 Hannah St
Plano, TX 75025-6203

_____
Lewis Brooks McKenzie

<u>CERTIFICATE OF CONFERENCE</u>

I have attempted to confer with Defendants, but have received no reply to my communications to date.

_____
Lewis Brooks McKenzie

## Exhibit A. State Court Proceeding While Removed

**Cause Number : 233-651265-18**  Date Filed : 11-05-2018

KELLI MARIE MCKENZIE  | VS |  LEWIS BROOKS MCKENZIE

Cause of Action : POST JUDGMENT TITLE IV-D
Case Status : PENDING
Special Case : Attorney General Case

| File Mark | Description | | Assessed Fee | Credit/Paid Fee |
|---|---|---|---|---|
| 03-06-2023 | OBJECTION AND RESPONSE TO MOT FOR ENFORCEMENT OF CHILD SUPPORT AND MEDICAL SUPPORT | | | $0.00 |
| 04-17-2023 | NOTICE OF REMOVAL TO THE US DISTRICT COURT | | | $0.00 |
| 04-17-2023 | (ATTACH) ATTACHMENT STATE NOTICE REMOVAL | | | $0.00 |
| 04-18-2023 | ORDER FOR ISSUANCE OF CAPIAS\|$2500\|LBM | M | | $0.00 |
| 04-20-2023 | AG PAYMENT, for transaction 319, dated 01/11/2023 | Y | | $9.90 |

9

## Exhibit B. State Court Warrant Issued While Removed

**Cause Number : 233-651265-18**  **Date Filed : 11-05-2018**

KELLI MARIE MCKENZIE | VS | LEWIS BROOKS MCKENZIE

Cause of Action : POST JUDGMENT TITLE IV-D
Case Status : PENDING
Special Case : Attorney General Case

| File Mark | Description | | | Assessed Fee | Credit/Paid Fee |
|---|---|---|---|---|---|
| 04-20-2023 | AG PAYMENT, for transaction 318, dated 01/11/2023 | Y | | | $5.28 |
| 04-20-2023 | AG PAYMENT, for transaction 315, dated 01/11/2023 | Y | | | $5.28 |
| 04-20-2023 | APPEARANCE - KELLI MARIE MCKENZIE | | | | $0.00 |
| 04-25-2023 | IV-D Capias Bond/Warrant-ISSUED ON MCKENZIE, LEWIS BROOKS 706 W 4TH ST-On 04/25/2023 | N | Svc | $8.00 | |
| 04-26-2023 | CAPIAS BOND/WARRANT CHECKED OUT for # 333 | | | | $0.00 |

10