IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| **LEWIS BROOKS MCKENZIE,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| v. | § | Civil Action No. 4:23-cv-00371-O-BP |
| | § | |
| **STATE OF TEXAS,** *et al.***,** | § | |
| | § | |
| **Defendants.** | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Before the Court are Defendant State of Texas's Motion to Remand filed on May 22, 2023, and Plaintiff's Response to the Motion. ECF Nos. 22, 24. After reviewing the pleadings and applicable legal authorities, the undersigned **RECOMMENDS** that United States District Judge Reed O'Connor **GRANT** the Motion and **REMAND** the case to the 233rd Judicial District Court of Tarrant County, Texas.

**I.     BACKGROUND**

On January 11, 2023, the Office of the Attorney General ("OAG"), representing the State of Texas ("the State"), filed a "Motion for Enforcement of Child Support and Medical Support," on behalf of Kelli Marie Rayburn ("Rayburn") against Lewis Brooks McKenzie ("McKenzie"). ECF No. 1 at 53. Appearing pro se, McKenzie removed the case from the 233rd Judicial District Court of Tarrant County to this Court on April 17, 2023. ECF No. 1. The case was automatically referred to the undersigned. ECF No. 16.

McKenzie's Notice of Removal notes that he removed the case under:

28 U.S.C. §§ 1443 and 1446(b) [constitutional challenge to state statutes under special Section 1443 civil rights removal], *see also* 28 U.S.C. § 2403, as well as 28 U.S.C. §§ 1331, 1343, and 1367 [federal question, civil rights, and federal supplemental jurisdiction over intertwined state law claims], further pursuant to the Federal Consumer Credit Protection Act, 15 USC §§ 1601, et seq., and yet also again, as further independent

jurisdiction under the False Claims Act, 31 USC § 3729, et seq.

ECF No. 1 at 13. Additionally, McKenzie asserts that:

> [he] does not, in any way, request and/or seek this honorable federal Court to alter, amend, or change, whatsoever, any aspect(s) of divorce, child custody, or any other type of familial and/or domestic matters that are properly reserved for within the state court system, yet however all the torts and civil wrongdoing are fully actionable herein, *see* the contemporaneous Memorandum of Law Clarifying Established Federal Jurisdiction [ECF No. 10].

*Id*. at 16. McKenzie also advances three "causes of action" that he contends warrant removal under these sections. *Id*. He alleges "false deprivation of parent-child relationship without (any) due process (whatsoever)," "the additional constitutional infirmity of failing to use the clear and convincing evidentiary standard in all matters allegedly pertaining to any action prospecting to impact the custody of any one or more minor children;" and finally "the equally-as-clear constitutional violations regarding the manifestly express Title IV-D conflicts of interest of state judicial officers precluding their involvements." *Id*.

Additionally, McKenzie asserts in "Counts I through X" that he faced "gender and religious discrimination, Violations of Equal Protection, Violations of Pre-Deprivation Due Process, and other Constitutional Violations" when he was "unconstitutionally reclassified . . . as an utterly fictitious and so-called 'noncustodial' parent. *Id*. at 25-36. McKenzie further asserts that under Counts I through X, he is entitled to relief under the First, Fourth, Fifth, and Fourteenth Amendments, and under 42 U.S.C. §§ 1981, 1983, 1985, 1986, 2000b-2. *Id*. at 37-38. In "Counts XI through XVII" McKenzie alleges a variety of "state law claims under 28 U.S.C § 1367." *Id*. at 38. These claims seek civil damages for "replevin of all monies taken falsely and/or fraudulently, via ostensible orders for child support, and due to frivolous litigation," fraud and wanton conduct, infliction of emotional distress, malicious prosecution, gross negligence, abuse of process, and "potential threats of false arrest and wrongful imprisonment." *Id*. at 39-40.

McKenzie has also filed numerous pleadings and notices, including: Notice of Constitutional Questions to Texas State Statutory Schemes (ECF No. 5); Memorandum to Clerk (ECF No. 6); Request for Judicial Notice, or in the Alternative, Motion for Required Hearing on the Same Issues (ECF No. 9); Memorandum of Law Clarifying Established Federal Jurisdiction (ECF No. 10); Notice of Constitutional Questions to Federal Statute 28 USC 1443 (ECF No. 11); Notice of Pending Amendment of Petition-Complaint (ECF No. 12); Notice of Special *Pro Se* Litigant Rights (ECF No. 13); and "Notice Distinguishing Between the Two Basic Types of Removal; and, Motion for Issuance of Preliminary Relief in the Alternatives" (ECF No. 14).

## II.    LEGAL STANDARD

### A.    Removal

Not every case can be removed to federal court. The governing provision of the federal removal statute authorizes a defendant to remove "any civil action brought in a [s]tate court of which the district courts of the United States have original jurisdiction." 28 U.S.C. § 1441(a). The Court must have subject matter jurisdiction over the case or controversy removed. *See* 28 U.S.C. § 1441(a); *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002). The removing party bears the burden of showing that federal jurisdiction exists, and that removal was proper. *Willy v. Coastal Corp.,* 855 F.2d 1160, 1164 (5th Cir.1988). To determine whether jurisdiction is present for removal, the Court must consider the claims in the state court petition as they existed at the time of removal. *Cavallini v. State Farm Mut. Auto Ins. Co.,* 44 F.3d 256, 264 (5th Cir.1995).

"If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c). When removal is defective for lack of subject matter jurisdiction, the Court must remand the action regardless of whether the parties

have moved the Court to do so. *Wis. Dep't of Corrs. v. Schacht*, 524 U.S. 381, 392 (1998); *see also Int'l Primate Protection League v. Adm'rs of the Tulane Educ. Fund*, 500 U.S. 72, 89 (1991) (holding that the literal words of § 1447(c) do not provide courts with discretion to dismiss, rather than remand, upon finding a lack of subject matter jurisdiction).

### B. *Pro se* parties

The Court subjects a pro se party's pleadings to less rigid analysis than those of a party represented by counsel. "[A] pro se complaint, 'however inartfully pleaded,' must be held to 'less stringent standards than formal pleadings drafted by lawyers.'" *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). However, "even a liberally-construed pro se ... complaint must set forth facts giving rise to a claim on which relief may be granted." *Levitt v. Univ. of Texas at El Paso*, 847 F.2d 221, 224 (5th Cir. 1988) (citing Bounds v. Smith, 430 U.S. 817, 825–26 (1977)). Thus, a court inquires "whether within the universe of theoretically provable facts there exists a set which can support a cause of action under [the] complaint, indulgently read." *Covington v. Cole*, 528 F.2d 1365, 1370 (5th Cir. 1976).

## III. ANALYSIS

### A. The Court does not have subject matter jurisdiction under 28 U.S.C § 1443.

Section 1443 provides that "civil actions or criminal prosecutions, commenced in a State court may be removed by the defendant to the district court of the United States" for two types of actions. 28. U.S.C. § 1443. First is an action "[a]gainst any person who is denied or cannot enforce in the courts of such State a right under any law providing for the equal civil rights of citizens of the United States, or of all persons within the jurisdiction thereof." *Id*. Second is a claim "[f]or any act under color of authority derived from any law providing for equal rights, or for refusing to do any act on the ground that it would be inconsistent with such law." *Id*.

McKenzie cannot remove his case under either type of action. He has not alleged facts to show that he was denied or cannot enforce a right in state court, nor has he shown that he is a federal officer or agent authorized to remove the second type of action. *Id.* at § 1443; *see City of Greenwood, Miss. v. Peacock*, 384 U.S. 808, 824 (1966) (holding that the second 1443 category permits only federal officers or agents, or those authorized to act on their behalf, to remove a case to federal court).

Under § 1443(1), a party must satisfy a two-pronged test to remove an action. *State of Ga. v. Rachel*, 384 U.S. 780, 792-94 (1966). First, he must show that the rights allegedly denied to him arise under a federal law that "provid[e] for specific civil rights stated in terms of racial equality." *Id.* at 792. Second, the party must assert that he was "denied or cannot enforce" the specific civil right in state court. *Id.* at 794.

The first prong of the *Rachel* test requires a showing that the "civil rights [violations] asserted arise under laws phrased specifically in terms of racial equality rather than in general terms of equality for all citizens comprehensively." *Smith v. Winter*, 717 F.2d 191, 194 (5th Cir. 1983). "[B]road [constitutional] claims do not satisfy the test, nor do claims arising under non-racially oriented statutes such as 42 U.S.C. § 1983." *Id.* Thus, the courts construe removal under § 1443 narrowly "to require strict satisfaction of both the 'civil rights' element and the 'enforcement' element intrinsic within it." *Id.* McKenzie's Notice of Removal generally discusses the unconstitutionality of "child custody cases" and the deprivation of individuals' "superior natural parental rights to children." *See generally* ECF No. 1. In his response to the State's Motion, he asserts that he "formally, specifically and duly allege[d] complaining facts about racial discrimination [ ] occurring directly within the case." ECF No. 24 at 6. However, he does not assert any racial discrimination claim in his Notice, nor does he identify any specific violation in his

response to the State's Motion. *Id*. at 6-7.

Accordingly, McKenzie's claims are broad and vague and do not assert violations of racial equity with the specificity required to remove his case under § 1443. *See Stanley v. Hayes*, No. 3:18-cv-1300-L-BK, 2018 WL 6737680, at *2 (N.D. Tex. Oct. 15, 2018) ("broad assertions of constitutional violations do not satisfy *Rachel's* first prong"); *see also Dunn v. Miller*, No. 3:18-cv-967-B-BH, 2018 WL 2244703, at *5 (N.D. Tex. Apr. 27, 2018) ("conclusory and general claims of race discrimination do not satisfy the first prong under § 1443(1)"), *rec. adopted*, 2018 WL 2230656 (N.D. Tex. May 16, 2018).

The second prong of the *Rachel* test requires McKenzie to show a state law or policy that "prevents him from raising his federal claims or rights under the Constitution, as either defenses or counterclaims," in the state court proceedings. *Louisiana v. Wells*, 2015 WL 1276713, at *5 (M.D. La. Mar. 19, 2015), *aff'd*, 628 F. App'x. 260 (5th Cir. 2015). This provision normally requires the "denial be manifest in a formal expression of state law," such as a legislative or constitutional provision, "rather than a denial first made manifest in the trial of the case." *Dunn*, 2018 WL 2244703 at *5. Failure to satisfy this prong of the test is "fatal to removal." *Sanders v. Wright*, No. 5:17CV131-RWS-CMC, 2017 WL 3599536, at *7 (E.D. Tex. Aug. 22, 2017).

However, McKenzie has not identified any Texas law or policy in his Notice of Removal, nor has he filed any pleadings subsequently showing that he would not be able to bring this claim in state court. *See generally* ECF No. 1. Likewise, he has not pleaded facts to show that he is a federal officer or agent that could pursue removal under § 1443(2). Thus, he has failed to demonstrate that removal was proper under § 1443.

**B.      There is no other basis for the Court to exercise subject matter jurisdiction.**

The Court does not have removal jurisdiction under any of the other statutes that McKenzie

cited in his Notice of Removal. Title 28 U.S.C. § 2403 concerns intervention in a federal case by the United States or by one of the states and does not establish a separate ground for removal jurisdiction. Additionally, there is no federal question jurisdiction under § 1332. Federal question jurisdiction exists only when a federal question is presented on the face of the plaintiff's well-pleaded complaint. *Aetna Health Inc. v. Davila*, 542 U.S. 200, 207 (2004); *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987). The complaint must "establish[ ] either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." *Singh v. Duan Morris LLP*, 538 F.3d 334, 337-38 (5th Cir. 2008).

McKenzie has not pleaded facts to show that the State's motion to enforce filed in the family law court states a federal law cause of action that could form the basis for proper removal. He alleges that the motion contains "various willful, systemic deprivations of fundamental rights guaranteed by the Federal Constitution, and/or by federal law, and which deprivations are civil violations of 42 U.S.C. § 1983, and that are also criminal violations of 18 U.S.C. §§ 241 and 242." ECF No. 1 at 16. He further alleges that the state judge's child support orders violate the Federal Consumer Credit Protections Act and the False Claims Act. ECF No. 1 at 13. McKenzie raises new claims involving constitutional questions under 42 U.S.C. §§ 1981, 1983, 1985, 1986, 2000b-2, the First, Fourth, Fifth, and Fourteenth Amendments. *Id.* at 37-38. He also mentioned 28 U.S.C. § 1343 as a basis for removal in his Notice of Removal. ECF No. 1 at 13.

However, it is "not sufficient for the federal question to be raised in the answer or in the petition for removal." *MSOF Corp. v. Exxon Corp.*, 295 F.3d 485, 490 (5th Cir. 2002), *cert. denied*, 537 U.S. 1046 (2002). "A case may not be removed to federal court on the basis of a federal defense . . . even if the defense is anticipated in the plaintiff's complaint." *Caterpillar*, 482 U.S. at

393. Moreover, "federal jurisdiction [cannot] rest upon an actual or anticipated counterclaim" because "a federal counterclaim, even when compulsory, does not establish 'arising under' jurisdiction." *Vaden v. Discover Bank*, 556 U.S. 49, 60 (2009).

McKenzie has not provided any state court pleadings or other documents identifying the federal question that he has alleged in this removal action. *See generally* ECF No. 1. The only documents presented to the Court are documents related to the child support issue. *Id*. McKenzie references the "the instant 'child support orders' illegally created within Travis County courts by Travis County judges" as the basis for his action. (*Id*. at 30) and "prays this Court issue a declaratory judgment finding that the original state court proceedings now removed were void" (*Id*. at 38). Lastly, he also asks for reimbursement of monies taken "via ostensible orders for child support." *Id*. at 39.

State law typically governs the enforcement of child support laws. *Est. of Merkel v. Pollard*, 354 F. App'x 88, 92 (5th Cir. 2009) ("in general it is appropriate for the federal courts to leave delicate issues of domestic relations to the state courts"); *Congleton v. Holy Cross Child Placement Agency, Inc.*, 919 F.2d 1077, 1078 (5th Cir. 1990) (holding that as a general rule, federal courts refuse to hear suits to obtain child support and actions to enforce separation decrees still subject to state court modification). Thus, because McKenzie has not shown that the underlying child support proceeding in state family court presents a federally created cause of action or that his right to relief is dependent on the resolution of a substantial question of federal law, the Court does not have federal question jurisdiction over this case, regardless of the federal law references mentioned in the removal Notice.

      **C.**    **Even if the Court had removal jurisdiction, it should abstain from considering McKenzie's claims.**

If the Court had removal jurisdiction, it still should abstain from considering McKenzie's

8

claims. Federal courts generally are obliged to decide cases within their jurisdiction. "[T]he pendency of an action in [a] state court is no bar to proceedings concerning the same matter in the Federal court having jurisdiction." *Sprint Commc'ns*, *Inc. v. Jacobs*, 571 U.S. 69, 73 (2013) (brackets in original). However, under the abstention doctrine explained in *Younger v. Harris*, 401 U.S. 37 (1971) and its progeny, courts recognize "certain instances in which the prospect of undue interference with state proceedings counsels against federal relief." *Sprint*, 571 U.S. at 72. *Younger* abstention applies in three "exceptional" circumstances: "state criminal prosecutions, civil enforcement proceedings, and civil proceedings involving certain orders that are uniquely in furtherance of the state courts' ability to perform their judicial functions." *Id.* at 73 (quoting *New Orleans Pub. Serv.*, *Inc. v. Council of New Orleans*, 491 U.S. 350, 367–68 (2013)) (internal quotation marks omitted). Like subject matter jurisdiction, federal courts have a duty to ensure abstention under *Younger* would not be proper for the cases before them. *Lawrence v. McCarthy*, 344 F.3d 467, 470 (5th Cir. 2003); *Murphy v. Uncle Ben's*, *Inc.*, 168 F.3d 734, 737 n. 1 (5th Cir. 1999).

McKenzie's case implicates the third "exceptional circumstance" when *Younger* abstention is proper. Federal courts previously have abstained from ruling on cases that are inextricably connected to the important state interest of child support. See, e.g., *Marlett v. Heath*, No. 3:18-cv-2812-M-BN, 2018 WL 5723163, at *3 (N.D. Tex. Oct. 23, 2018), *rec. adopted*, No. 3:18-cv-2812-M, 2018 WL 5717431 (N.D. Tex. Oct. 31, 2018) (abstaining under *Younger* from ruling on father's challenge to California state actions that allegedly violated a Texas child support and custody order).

When applicable, *Younger* requires abstention when three conditions are met: "(1) the federal proceeding would interfere with an ongoing state judicial proceeding; (2) the state has an

9

important interest in regulating the subject matter of the claim; and (3) the plaintiff has an adequate opportunity in the state proceedings to raise constitutional challenges." *Bice v. La. Pub. Def. Bd.*, 677 F.3d 712, 716 (5th Cir. 2012). If these conditions are met, the Court should abstain unless the plaintiff shows bad faith, harassment, or some other extraordinary circumstance that would make abstention inappropriate. *Middlesex Cty. Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 429 (1982).

All three conditions are present in McKenzie's case. Continuation of this case would interfere with ongoing state court proceedings because the very relief McKenzie requests interferes with the state's custody decree and subsequent enforcement actions. ECF No. 1 at 50-58. Moreover, family and child custody and support issues are important state interests. *See Moore v. Sims*, 442 U.S. 415, 434 (1979) ("Family relations are a traditional area of state concern"); *Crouch v. Crouch*, 566 F.2d 486, 487 (5th Cir.1978) (holding that the federal judiciary traditionally refuses to exercise diversity jurisdiction in domestic relations cases because of "the strong state interest in domestic relations matters, the competence of state courts in settling family disputes, the possibility of incompatible federal and state court decrees in cases of continuing judicial supervision by the state, and the problem of congested dockets in federal courts"). Finally, the pending state court action, and the right to appeal adverse judgments to the applicable state appellate court, afford the McKenzie an adequate opportunity to litigate his claims. *See Middlesex Cty.*, 457 U.S. at 435; ECF No. 1 at 50.

Even though McKenzie alleges that he is not asking the Court to alter, amend, or change aspects of the child support decree (ECF No. 1 at 16), he still urges the Court to rule on the validity of an ongoing state child support order under which he must make payments. *See* ECF Nos. 1, 24. Therefore, any constitutional questions regarding the validity of his child support payments must

be brought in state court as the Court should abstain from ruling under the *Younger* doctrine.

### D. The Court should decline to exercise supplemental jurisdiction over McKenzie's state law claims against the Defendants.

In Counts XI through XVII, McKenzie asserts a variety of state law tort claims against the Defendants. ECF No. 1 at 38-39. For the reasons previously given, there is no separate jurisdictional basis for the Court to consider them. Because "there is no basis to exercise original jurisdiction in this matter, supplemental jurisdiction is inapplicable." *Schwartz-Vanderbol v. Vanderbol*, No. 4:18-CV-883, 2019 WL 1858309 at *2 (E.D. Tex. Apr. 25, 2019) (citing 28 U.S.C. § 1367). Accordingly, the Court should decline to exercise supplemental jurisdiction over McKenzie's state law claims, and they should be remanded to the court from which this case came.

## IV. CONCLUSION

The Court does not have subject matter jurisdiction over McKenzie's claims under 28 U.S.C. § 1443 or other jurisdictional basis. Even if subject matter jurisdiction existed, the Court should abstain under the *Younger* doctrine from considering McKenzie's claims attacking child support orders. Finally, there is no basis for the Court to exercise supplemental jurisdiction over McKenzie's state law claims. Thus, the undersigned **RECOMMENDS** that Judge O'Connor **GRANT** the Motion to Remand (ECF No. 22) and **REMAND** the case to the 233rd Judicial District Court of Tarrant County, Texas.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within fourteen days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2). To be specific, an objection must identify the particular finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and

recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc).

    **SIGNED** on June 16, 2023.

Hal R. Ray, Jr.
UNITED STATES MAGISTRATE JUDGE