IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| **LEWIS BROOKS MCKENZIE,** § | |
| *Plaintiff,* § | |
| § | |
| V. § | CIVIL ACTION NO. 4:23-CV-00371-O-BP |
| § | |
| **STATE OF TEXAS,** *et al.,* § | |
| *Defendants.* § | |

**STATE OF TEXAS' RESPONSE TO PLAINTIFF'S OBJECTIONS TO FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE**

TO THE HONORABLE REED C. O'CONNOR:

Defendant, State of Texas ("State"), files this Response to Plaintiff's Objections to Findings, Conclusions, and Recommendation ("Recommendation") of the United States Magistrate Judge. The State of Texas would respectfully show the court the following.

**I.
INTRODUCTION**

On June 16, 2023, Magistrate Judge Hal. R. Ray, Jr. issued a Recommendation that the State's Motion to Remand be granted. (ECF No. 25 at 1). The Recommendation found that the Court did not have subject matter jurisdiction over Plaintiff's, Lewis Brooks McKenzie ("McKenzie"), claims under 28 U.S.C. § 1443 or other jurisdictional basis, and that even if it did have jurisdiction, the Court should abstain from considering McKenzie's claims attacking child support orders under the *Younger* doctrine. (ECF No. 25 at 11).

McKenzie has failed to demonstrate that the Court has subject matter jurisdiction under 28 U.S.C. § 1443 or any other jurisdictional basis, or that that Court should not abstain from this suit

1

under the *Younger* doctrine. This Court should adopt the Magistrate Judge's recommendation and remand the case back to the 233rd Judicial District Court of Tarrant County, Texas.

## II.
## SUMMARY OF ARGUMENT

McKenzie has failed to satisfy the specific requirements of 28 USC § 1443, which requires that this case be remanded back to state court. Additionally, McKenzie's objections are meritless and fail to demonstrate that he has satisfied § 1443's requirements.

## III.
## ARGUMENTS AND AUTHORITIES

    A.    **The Magistrate Judge's Recommendation Is Complete.**

McKenzie alleges that the Magistrate Judge's Recommendation is incomplete because it only addresses the impropriety of removal and not any of the other issues that McKenzie alleged. (ECF No. 27 at 4). However, the Magistrate Judge has no need to address those other issues. McKenzie has chosen to remove his state court proceedings to federal court and is therefore bound by the issues that were present at the state court level. *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 393 (1987) ("A case may not be removed to federal court on the basis of a federal defense … even if the defense is anticipated in the plaintiff's complaint."). McKenzie's other claims can only amount to counterclaims which were not originally part of the well-pleaded complaint. Removal can only be proper if the federal question appears within the lens of the well-pleaded complaint. *Caterpillar*, 482 U.S. at 392. None of the statutes McKenzie cites were part of the state court proceedings and therefore do not establish subject-matter jurisdiction.

More importantly, McKenzie's assertion that the Magistrate Judge did not address his other issues is factually incorrect as the Magistrate Judge specifically addressed the issues that McKenzie complains of in the section titled "There is no other basis for the Court to exercise

subject matter jurisdiction." *Compare* (ECF No. 27 at 4-6), *with* (ECF No. 25 at 6-8). In the Recommendation, the Magistrate Judge addresses all the statutes that McKenzie relies on to in his attempt to establish jurisdiction. *Id.* The Recommendation specifically notes how those statutes cannot grant subject-matter jurisdiction to McKenzie's complaint.

    **B.**    **This Court Can Not Hear McKenzie's FCA Claim Without First Establishing Jurisdiction.**

McKenzie further alleges that the Court "cannot" dismiss because the False Claims Act ("FCA") requires that the Attorney General consent as a prerequisite and that McKenzie gets an opportunity to not only respond but also get a hearing on the issue. (ECF No. 27 at 6). This argument is only present as a counterclaim asserted against the State after McKenzie removed the case, which cannot be considered in determining the existence of removal jurisdiction. *Stump v. Potts*, 332 F.App'x. 379, 380 (5th Cir. 2009). Furthermore, McKenzie has failed to allege the necessary facts to establish an FCA claim that would even allow the Court to have jurisdiction if McKenzie had properly brought that claim before the Court. *See Womack v. Wright*, No. 4:18-CV-567, 2019 WL 430914, at *5 n.3 (E.D. Tex. Feb. 4, 2019) (Finding that plaintiff's allegations did not establish an FCA claim that would allow the court to have federal question jurisdiction where the Plaintiff made the exact same allegations as McKenzie has).

    **C.**    **Removal Under Section 1443 Requires The Underlying Cause of Action To Be What The State Proceedings Were About.**

McKenzie attempts to argue that his removal action was based on some statewide constitutional challenge to the State's child custody statutes, but that is a gross misunderstanding of how removal works. (ECF No. 27 at 7-11). Removal, and specifically removal under § 1443, allows a defendant to remove a civil action or criminal prosecution that is commenced in state court and remove it to federal court. 28 U.S.C. § 1443(1). A state court proceeding is required in

order for removal under § 1443 to happen.  Section 1443 does not allow McKenzie to ignore his state proceedings and institute a challenge to Texas statues, but rather it is used in actions where "any person who is denied or cannot enforce in the court of such State a right under any law providing for the equal rights of citizens of the United States, or of all persons within the jurisdiction thereof." 28 U.S.C. § 1443(1).  Thus, § 1443 is used to ensure that a defendant's rights are protected by removing those proceedings to federal court when certain requirements are met. This means that when McKenzie removed his case to federal court, he was attempting to change the venue of his lawsuit from state to federal court; he was not doing away with the underlying suit and introducing a new challenge.  If McKenzie wishes to challenge the constitutionally of a state statute, he has recourse for doing so; however, removing his existing state court lawsuit to federal court is not proper.

    **D.**    **McKenzie Misrepresents How the Abstention Doctrine Works**

The Magistrate Judge correctly found that this Court should abstain from considering McKenzie's claims.  McKenzie believes that because he has attempted to remove his case under § 1443, then he is immune from abstention. However, as McKenzie has failed to prove that his case is removable under § 1443, this Court should abstain from interfering in an ongoing state court proceeding.  *State v. Tello*, No. Civ.A 3:04-CV-1718-N, 2004 WL 2599413, at *1 (N.D. Tex. Nov. 12, 2004) ("The Court concludes that Tello has presented no valid basis for federal removal jurisdiction. Under the *Younger* abstention doctrine, a federal court must abstain from interfering with ongoing state criminal proceedings, except in the most extraordinary circumstance and upon a clear showing of both great and immediate harm.").

Furthermore, McKenzie incorrectly argues that the domestic relations exception does not apply to his case because the Magistrate Judge clearly found that even "[i]f the court had removal

4

jurisdiction, it should still abstain from considering McKenzie' claims," "under the *Younger* doctrine." (ECF No. 25 at 8-9, 11). In other words, the Recommendation did not rely on the domestic relations exception. Yet, even if it had, the domestic relations exception would be a proper reason to abstain from hearing McKenzie's claims. A litigant may not circumvent the domestic relations exception and seek federal resolution of a state court domestic matter by filing a complaint in the "lower federal courts 'cast in the form of civil rights suits.'" *Hale v. Harney*, 786 F.2d 688, 690-91 (5th Cir. 1986) (internal citations omitted). Although this is ordinarily applicable to diversity cases, the Fifth Circuit has applied it to federal jurisdiction cases where "claims for relief ... require the court to issue [ ] 'divorce, alimony, or child custody decrees,'" *Gross v. Dannatt*, 736 F. App'x 493, 495 (5th Cir. 2018) (per curiam).

The Magistrate Judge correctly found that this Court should abstain because of the *Younger* doctrine. The Fifth Circuit has held that the *Younger* doctrine requires federal courts to abstain where: (1) the dispute involves an "ongoing state judicial proceeding," (2) an important state interest in the subject matter of the proceeding must be implicated, and (3) the state proceedings must afford an adequate opportunity to raise constitutional challenges. *Wightman v. Tex. Supreme Ct.*, 84 F.3d 188, 189 (5th Cir. 1996). In seeking to remove a matter to federal court (ECF No. 1), it is clear that there is an "ongoing state judicial proceeding." As a matter of law, family and child custody issues are important state interests. *See Moore v. Sims*, 442 U.S. 415, 434 (1979) ("Family relations are a traditional area of state concern."). For the third prong of the test, to overcome the presumption in favor of abstention, McKenzie must show that he had *no opportunity* to litigate the federal issue in state court. *DeSpain v. Johnston*, 731 F.2d 1171, 1178 (5th Cir. 1984). As a matter of law, "Texas law is apparently as accommodating as the federal forum .... [A]bstention is appropriate unless state law *clearly bars the interposition of the constitutional claims*." *Moore*,

442 U.S. at 425-26 (emphasis added).

Ultimately, this Court cannot hear McKenzie's claims because it has no jurisdiction to do so. Even if the Court believes it would otherwise have jurisdiction, the Magistrate Judge correctly found that the Court should abstain from hearing McKenzie's claims.

### E. The Magistrate Judge Did Not Need To Respond To McKenzie's Motion to Quash

McKenzie complains that the Magistrate Judge has ignored his Motion to Quash orders entered by the state court his proceedings were in. (ECF No. 20). As previously stated, this Court cannot rule on any of McKenzie's motions or claims without first determining that it has jurisdiction to do so. *Ramming v. U.S.*, 281 F.3d 158, 161 (5th Cir. 2001) (Stating that the court should consider the jurisdictional attack "before addressing any attack on the merits). Since the Court does not have jurisdiction over McKenzie's claims, it properly did not respond to his motion to quash.

### F. It Is Proper For This Court To Decide the Issue of Jurisdiction.

McKenzie claims that the Magistrate Judge's Recommendation is "irrelevant" because of his demand for "Judicial Notice" or in the alternative a "Hearing" on the issues. (ECF No. 27 at 22–23). This is not how this process works, as evidenced by McKenzie's lack of case law to support this argument. This Court is not forced to decide between accepting "the judicially noticed facts therein which control the case" or providing a "mandatory evidentiary hearing upon the same." (ECF No. 27 at 22). "Jurisdictional issues are for the court-not-jury-to decide, whether they hinge on legal or factual determinations." *Williamson v. Tucker*, 645 F.2d 404, 413 (5th Cir. 1981). It was proper for the Magistrate Judge to Recommend that the Court remand this case due to not having subject matter jurisdiction.

### G. Recommendation (ECF 25) In Its Entirety

Finally, McKenzie argues that the merits of his case are "worthy and deserving of being decided by a jury as required." (ECF No. 27 at 30). This ignores that the merits of a case may only be heard by a court with competent jurisdiction. Since this Court does not have the jurisdiction to hear this case, it must be remanded back to the state courts where it can properly be decided.

## IV.
## CONCLUSION

This Court should adopt the Magistrate Judge's Recommendation and remand this litigation back to state court for the reasons presented hereinabove.

WHEREFORE, the State of Texas prays that McKenzie take nothing and that it recovers all such other and further relief, special or general, at law or in equity, to which it is justly entitled, including but not limited to costs incurred herein.

Respectfully submitted,

**ANGELA COLMENERO**
Provisional Attorney General

**BRENT WEBSTER**
First Assistant Attorney General

**GRANT DORFMAN**
Deputy First Assistant Attorney General

**JAMES LLOYD**
Interim Deputy Attorney General for Civil Litigation

**KIMBERLY GDULA**
Deputy Chief, General Litigation Division

**RYAN KERCHER**
Deputy Chief, General Litigation Division

*/s/ Martin Arroyo Jr.*
**MARTIN ARROYO JR.**
Texas Bar No. 24133114
Assistant Attorney General
Office of the Attorney General
General Litigation Division
P.O. Box 12548, Capitol Station
Austin, Texas 78711-2548
(512) 475-4212 | Fax: (512) 320-0667
martin.arroyo@oag.texas.gov
**ATTORNEYS FOR DEFENDANT**

## **CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing document has been served through the electronic case manager and sent *via U.S. certified mail, return receipt requested*, and first-class mail on July 14, 2023, to:

Lewis Brooks McKenzie
706 W. 4th Street
Clarksville, TX 75426
Phone:972-837-5678
Email: lbmtcu@gmail.com

**PLAINTIFF PRO SE**

                                  */s/ Martin Arroyo Jr.*
                                  **MARTIN ARROYO JR.**
                                  Assistant Attorney General