## UNITED STATES DISTRICT COURT
### NORTHERN DISTRICT OF TEXAS

Cause No.: **4:23-cv-00371**

| | |
|---|---|
| LEWIS BROOKS MCKENZIE,<br>  Plaintiff-Petitioner,<br><br>v.<br><br>STATE OF TEXAS, HOLLY HAYES, and<br>KELLI MARIE (RAYBURN) MCKENZIE,<br>  Defendant-Respondents. | ) In a removal from the 233rd Judicial<br>) District Court of Tarrant County, TX<br>) State case number:  233-651265-18<br>)<br>)<br>) FORMAL DEMAND FOR JURY TRIAL<br>)<br>) CONSTITUTIONAL CHALLENGES<br>)<br>) INJUNCTIVE RELIEF REQUESTED |

---

## PLAINTIFF'S RESPONSE TO THE STATE OF TEXAS' RESPONSE TO PLAINTIFF'S OBJECTIONS TO FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE

---

Plaintiff, Lewis Brooks McKenzie, files this Response to State of Texas' Response to Plaintiff's Objections to Findings, Conclusions, and Recommendation of the United States Magistrate Judge ("State Response"). The Plaintiff would respectfully show the court the following glaringly defective stance presented by the State of Texas ("State").

This Response shall show the duplicity of the State, and all Defendants, in the illegal and intentional actions initiated _**after**_ this State court case was lawfully and fully removed to this Federal court, as evinced by the State Response and similar duplicitous filings in separate court.

# I.     <u>INTRODUCTION</u>

On July 14, 2023, the State submitted the State Response. The State continues to argue that this Federal Court does not have jurisdiction, cannot act on the overt corruption on full display by the Defendants, and even if this court decided to actually defend the Constitution and hold the corrupt Defendants responsible that this court *should not* even if this court does recognize its jurisdiction (ECF 28). What is being argued by the State ***is not*** any denial of the utter corruption that permeates the entire Texas system or the refutation of crimes against citizens at the hands of a corrupt State/judiciary, but rather the Defendant argues that these crimes should be ignored because the State has the right to abuse its citizens without interference; it's pathetic that the top law-enforcement agency in Texas chooses to ignore crimes by officials, rather than prosecuting them.

# II.     <u>SUMMARY OF ARGUMENT</u>

State has to satisfy the requirements for Remand, and in fact have interestingly made some of the exact opposite arguments within the Removed State Court Case, yet come to this court and argue the opposing point (Exhibit A). In the State filing dated May 23, 2023, Defendants clearly state:

> "On April 17, 2023, Respondent [McKenzie] filed a Notice of Removal of this case to the United States District Court, Northern District of Texas. Pursuant to 28 U.S.C.A § 1446(d) "…***the State court shall proceed no further unless and until the case is remanded***." Therefore, the OAG is unable to file its responses or other pleadings until such time as the case is remanded to this court."

> ([Emphasis added] Exhibit A. Page 1, Item #2)

The State has succinctly presented that the State Court and its actors *" shall proceed no further unless and until the case is remanded"*, pursuant to 28 U.S.C.A § 1446(d), but in the State Response to this court the State has claimed that this Federal Court has no jurisdiction and that the State Court must be free to do whatever it pleases. So, either the State has simply not read their own filings and are not aware that they are arguing to exact opposite points when it serves their corrupt interest, or they simply believe this court will ignore the decades of repeated lying to Federal Judges by Defendants (*See. M.D. v. Abbott*, 152 F. Supp. 3d 68) and allow the Defendants, again confirmed liars by Federal Judge Janis Jack of the TXSD, to simply make any false claims (e.g., more lying/fraud upon the court) for Remand in order to avoid assessing the dumpster-fire that is Texas Family Law and all areas dealing with vulnerable children; Texas is a disgrace and the Defendants are counting upon this court to become an accomplice by failing to uphold our Constitution. The State simply wants to abuse persons without repercussions, just like any other child trafficker, pedophile, or other criminal who preys upon children and families.

## III.   ARGUMENTS AND AUTHORITIES

Ironically, this is the exact same argument the State has made in many of the most atrocious cases to see the light of day in the past decade. In fact, many of the exact same facts surround this and any other Removal ever brought in Texas, and dovetails almost perfectly with the facts of the extremely well documented ongoing Federal foster care fiasco that has been dragging on for over a decade (*M.D. v. Abbott*, 152 F. Supp. 3d 684 (S.D. Tex. 2015)).

In this widely publicized and disgusting case, the State has repeatedly and openly lied to the United States Southern District on numerous occasions, denied the Federal Courts have jurisdiction (sound familiar?), failed to make ordered changes (State is in contempt), then lied

and claimed the changes had occurred (perjury/agg. perjury, lying to Federal Judge), and the list goes on and on for an embarrassingly long litany of unethical (i.e., disbarment should have occurred) and blatantly unlawful actions by the Defendants. And before someone starts complaining that this has nothing to do with this specific Removal, it absolutely does, it is pertinent, and it is in fact evidence of a well-documented and long-lasting pattern of behavior by the Defendants and how this system is unconstitutional to its core.

What *M.D. v. Abbott* clearly delineates for this court is the overt and unabashed deceit, fraud, abuse, and violations of the Constitution that have been occurring for ***decades* within the context of family courts in Texas**. Foster care, Child Protective Services, etc all fall within this exact same paradigm that is being challenged with this removal, all of these cases are under the Texas Family Code (as is this Removal) and are assigned the family court judges or special judges operating under the Family Court schema. So, in case I need to connect the obvious dots, and to address the State's objection to this even being mentioned, here are the dots:

1. The Defendant has repeatedly lied to Federal Judge Janice Jack, who has been rather blunt in her calling out the utter corruption within the State system and the repeated lies presented by the Defendant (remember, these are the State organizations and institutions who work hand in hand to violate the Constitution).

2. Defendant has a clear and embarrassing track record in just this single case, of lying to Federal Judge Jack **for well over a decade**. What could possibly lead this court to believe that an established serial liar (State) would do anything but continue to lie? Nothing. The State is a confirmed liar, as found by Federal Judge Jack (*M.D. v. Abbott*).

3. Judge Jack has unequivocally found that the State has violated the rights of children (and families) for decades, yet the Defendant has yet to ever admit this, rectify these crimes, or

4

sought to change the ongoing abuse in any way. It has been found to be unconstitutional, the same system that handles every case in foster care handles every case in family court in Texas, same people, same rooms, same outcomes.

4.  Simply, the 3 points above clearly show that the Defendant has been found to be (a) an untrustworthy liar in Federal court, (b) is defending a system found to be clearly underlined unconstitutional by Judge Jack, (c) and has failed to make ordered changes to protect one our most vulnerable populations (i.e., abused/neglected and/or at-risk children). Being a lying child abuser, as evinced in the *M.D. v. Abbott* fiasco, necessitates that this court at best doubt anything the Defendant has to say and at worst can assume that the Defendant is openly and intentionally lying to cover-up the criminal enterprise that is thriving in Texas (just as they did in *M.D. v. Abbott*; same court, same system, same code, same utter corruption).

Or this court could simply affirm that the Defendants' job is to deny, lie, protect, and encourage the crimes that the Defendants have been engaged in for decades (just as in the Foster care lawsuit), and fail to protect millions of Texas children, families, and individuals by allowing what has already been found to be unconstitutional to continue. The Texas Office of Attorney General is literally responsible for crimes committed against children and families across this entire state, they have been found to be serial liars in other Federal Courts, and this court (unless there is some great disconnect from reality) must know that this Texas scheme is unconstitutional; otherwise whoever is reading these filings should find another job outside of the law.

These cases (*M.D v. Abbott* and this Removal) fundamentally address the same issues, yet the State and its self-created unconstitutional system intends to protect itself at all costs, the

United States Constitution be damned. Slavery, Women's Suffrage, Civil Rights Movement, etc. have all been challenged vociferously by those who benefit from the abuse of subjugated and abused persons. History is pretty clear, and across the entire history of this nation we have a long-established pattern of the judiciary, law enforcement, and legislators who will do anything for benefit (i.e., power, money, etc.), and will dismiss the Constitution as something "aspirational" rather than law, or maybe slavery, child labor, unsolicited killing of blacks, etc. is all acceptable because at the time it served a purpose for those who made the law and chose to ignore them when government officials were the criminals...

Almost hilariously, our current Attorney General, Ken Paxton, has been impeached in a hearing in the Texas House of Representatives. This impeachment hearing has been reported nationwide, and the one glaringly obvious problem with this process is the utter lack of Due Process. This lack of Due Process has been noted by many scholars, politicians, and even representatives for the Attorney General's office. Yet, when the issues of Due Process, or any of the other numerous violations that occur in the Texas Faily Courts, the State has decried the lack of Due Process and other Constitutional violations, but turn around and commit that ***exact same offense*** with almost every person who enters their purview. So, railroading Ken Paxton is BAD, but railroading the average person is GOOD. The exact corruption that spurred the impeachment without Due Process against Ken Paxton is the exact same playbook the Defendant uses against every person they deal with via Texas Family Courts; the irony is beautiful.

Additionally, the Defendant appears to believe that the illegal warrant, issued without jurisdiction and/or authority by the State Court should not be addressed by this Federal Court, but instead should just be left to languish. This Plaintiff has already suffered sever

6

psychological and physical damage due to the illegal warrant, threat of constant arrest, and the potential for much more serious harm or even death. Yet, our top law enforcement agency, the State of Texas Attorney General Office, fails to go after the criminals who solicited and granted such a warrant, but instead want to attack the victim and claim the State has the right to victimize persons; similar to blaming a rape victim for being gangraped at the age of 9.

For clarity and assistance, I will list the names of each person who openly violated the removal and proceeded, illegally as noted by the Defendant (Exhibit A.), after April 17, 2023 Removal was perfected:

JUDGES:

233rd District Judge Kenneth Newell (Exhibit B.)

Title IV D Associate Judge Cherami Jenkins (Exhibit B.)

Attorneys:

Jody A. Souddress Tx Bar No. 20286550

Pamela Bridges Tx Bar No. 24001784

The 2 above attorneys are both employees of the State and are required by law and oath to report criminal and/or unethical conduct, which they have not done to date, even though the State has been in possession of criminal allegations since 2022 by this Plaintiff; lack of honoring oath and law is grounds for discipline, disbarment, and prosecution.

Choya Burkley Tx Bar No. 24012361 (Exhibit C.)

Karla Byrd Tx Bar No. 24097445 (Exhibit B.)

Paula Crockett Tx Bar No. 00798123 (Exhibit B.)

Stephen E Hammel Tx Bar No. 24043710 (Exhibit B.)

Tameka Boyd Tx Bar No. 24027406 (Exhibit B.)

OTHER:

Thomas Wilder, Tarrant County District Clerk (Exhibit C.)

Kelli Marie (Rayburn) McKenzie, Party (Exhibit D.)

These are currently the individuals who are confirmed to have proceeded after April 17, 2023 and/or failed to stop the ongoing corruption, but it is expected that this list will increase substantially. Additionally, the Defendants, and therefore their employees were all served with a very specific outline of the violations of law that will occur if they proceed illegally (Exhibit E.) on April 17, 2023.

As is blatant from Exhibit F. Transaction Detail, Defendants spent the next 10 days conspiring to seek, obtain, and execute an illegal warrant to jail this Plaintiff for speaking out at political events across the State on the corruption in our judiciary. Plaintiff regularly meets with legislators, and speaks across the state on the issues of healthy child development and the utter corruption in our family courts; Plaintiff is well-known in family law circles and actively followed on social media by lobbyists and others who would prefer the corruption to not be reported, so the argument that the Plaintiff is not  a well-known public figure in Texas Family Law would be false.

Of great note is the following timeline (Exhibit E.):

**January 9, 2023** – Plaintiff is featured speaker at True Texas Project Tarrant County, in attendance were multiple employees of Office of Attorney General and newly elected Judge Cynthia Terry, so the idea that the Defendants would not have known about the Plaintiff's speech are moot.

**January 11, 2023** – Defendants filed for hearing to hold Plaintiff in contempt:

Even though in the months prior, the **Texas Office of the Attorney General** responded to Plaintiff's submission of corruption, stating the Plaintiff's case was being and no actions would be taken by Attorney General. Guess the Tarrant branch of the OAG did not get that memo when they agreed to do a favor for Judge Kenneth Newell and attempt to jail me for speaking in public about the corruption if our courts.

**April 17, 2023** – Plaintiff perfected Removal

**April 18, 2023** – Defendants continued with hearing after notification and service the previous day.

**April 18-June 23, 2023** – Defendants spend the next 10 days securing an illegal warrant, as noted so graciously by the State in the State Response:

"On April 17, 2023, Respondent [McKenzie] filed a Notice of Removal of this case to the United States District Court, Northern District of Texas. Pursuant to 28 U.S.C.A § 1446(d) "…*the State court shall proceed no further unless and until the case is remanded*."

([Emphasis added] Exhibit A. Page 1, Item #2)

*NOTE.* I, Lewis Brooks McKenzie, do allege that the January 11, 2023 request for contempt hearing was directly spurred by protected political speech that the defendants simply want to keep quiet. I also allege that the conspirators in the Office of the Attorney General worked in concert with Kelli Marie (Rayburn) McKenzie (*See,* Exhibit E.) and the corrupt Judges Kenneth Newell and Cherami Jenkins to fabricate a reason to jail me in order to stop me from speaking to political groups and legislators. I am making this FORMAL STATEMENT and ALLEGATION of criminal conduct being committed by each individual named herein and request criminal Federal Investigations be referred, as the Defendants have shown time and again that they refuse to investigate their own, which confirms the unconstitutional scheme that has no remedy due to *law* and *practice* in Texas. This is an official complaint of criminal activity and conspiracy, by each named herein.

How's that for some overt Federal violations? Interested?

This intentional violation of Federal law (warrant) and all of the actions by the Defendants after the April 17, 2023 Removal should be ignored, according to the Defendants, who are the same entities responsible for violating the law. While this Plaintiff is certainly no lawyer with no legal training, any person of even modest intellect would see that asking a pedophile to decide if they are a criminal is insanity, but that is exactly what the State is arguing, even while admitting in State Court filings that their employees and therefore themselves have disregarded and broken Federal Law. Its pretty much a smoking gun for corruption, and it is the common *PRACTICE* of the Defendants to employ such *LAWS* in a manner to deny persons of their protected rights; hell, everyone and their mother is aware of the corruption in Family Courts, even other judges will speak to it, yet we want to play like there is nothing happening. Disgusting.

## COURT AUTHORITY FOR GRANTING RELIEF

Federal courts have both the inherent power and the constitutional obligation to protect their jurisdiction from conduct which impairs their ability to carry out Article III functions. In re Martin-Trigona, 737 F.2d 1254, 1261-62 (2d Cir.1984), cert. denied, 474 U.S. 1061, 106 S.Ct. 807, 88 L.Ed.2d 782 (1986). See also In re Green, No. 81-1186 (5th Cir. Unit A Apr. 27, 1981) (Exhibit to Green v. Carlson, 649 F.2d 285, 287 (5th Cir. Unit A), cert. denied, 454 U.S. 1087, 102 S.Ct. 646, 70 L.Ed.2d 623 (1981)); Harrelson v. United States, 613 F.2d 114, 116 (5th Cir. 1980) (per curiam); All Writs Act, 28 U.S.C.A. § 1651(a).

In Cooter & Gell v. Hartmarx C01p., 496 U.S. 384 (1990), the Supreme Court explained:

It is well established that a federal court may consider collateral issues after an action is no longer pending. For example, district courts may award costs after an action is dismissed for want of jurisdiction (*See.* 28 U.S.C. § 1919). This court has indicated that motions for costs or attorney's fees are "independent proceeding[s] supplemental to the original proceeding and not a request for a modification of the original decree." Sprague v. Ticonic National Bank, 307 u. s. 161, 170 (1939). Thus, even "years after the entry of a judgment on the merits" a federal court could consider an award of counsel fees. White v. New Hampshire Dept. of 396*396 Employment security, 455 u. s. 445, 451, n. 13 (1982). A criminal contempt charge is likewise " 'a separate and independent proceeding at law' " that is not part of the original action. Bray v. united States, 423 u. s. 73, 75 (1975), quoting Gompers v. Bucks stove & Range co., 221 u. s. 418, 445 (1911). A court

11

may make an adjudication of contempt and impose a contempt sanction even after

the action in which the contempt arose has been terminated (*See.* United States v.

Mine workers, 330 u. s. 258, 294 (1947) ("violations of an order are punishable as

criminal contempt even though... the basic action has become moot"); Gompers v.

Bucks stove & Range co., supra, at 451 (when main case was settled, action

became moot, "of course without prejudice to the power and right of the court to

punish for contempt by proper proceedings"). Like the imposition of costs,

attorney's fees, and contempt sanctions, the imposition of a Rule 11 sanction is

not a judgment on the merits of an action. Rather, it requires the determination of

a collateral issue: whether the attorney has abused the judicial process, and, if so,

what sanction would be appropriate. Such a determination may be made after the

principal suit has been terminated.

- Cooter & Gell v. Hartmarx Corp., 496 U.S. 384, 395-396 (1990)

Similarly, in Willy v. Coastal Corp., 503 U.S. 131 (1992), the Supreme Court explained such

related matters thusly:

A final determination of lack of subject-matter jurisdiction of a case in a federal

court, of course, precludes further adjudication of it. But such a determination

does not automatically wipe out all proceedings had in the district court at a time

when the district court operated under the misapprehension that it had jurisdiction.

In Chicot county Drainage Dist. v.     Baxter State Bank, 308 u. s. 371 (1940), we

held that a judgment rendered in a case in which it was ultimately concluded that

the District court was without jurisdiction was nonetheless res judicata on

collateral attack made by one of the parties. see also Stoll v. Gottlieb, 305 U.S.

165 (1938).

- Willy v. Coastal Co1p., 503 U.S. 131, 137 (1992)

Further, the Court obviously has its own inherent power to enforce its own jurisdiction, and

that empowerment is most acutely appropriate within the context of correcting manifest

injustice.

## BOTH OF THE STATE COURT ORDERS ISSUED DURING REMOVAL ARE VOID AB INITIO. REGARDLESS OF ANY POSSIBLE REMAND

1.   It is beyond any dispute that proper completion of all removal procedural steps by the

state court defendant perfects the removal of state court jurisdiction into the federal court,

and that any state court action attempted during pendency of removal is absolutely void. This

fact is well and universally understood by federal and state courts all across the nation.

2.   Federal removals are governed by 28 U.S.C. § 1446. 28 U.S.C. § 1446(d) dictates that,

once a case is removed, the state court case can "proceed no further unless and until the case

is remanded." Extensive federal and state precedent has determined and affirmed that two (2)

filing steps complete and prefect the removal, and so establish federal jurisdiction and

remove state court jurisdiction: "Since the adoption of § 1446, it has been uniformly held that

the state court loses all jurisdiction to proceed immediately upon the filing of the petition in

the federal court and a copy in the state court." South Carolina v. Moore, 447 F.2d 1067,

1073 (4th Cir. 1971), citing Hopson v. North American Insurance Co., 71 Idaho 461,233

P.2d 799; State ex rel. Gremillion v. NAACP, La. App., 90 So.2d 884; Bean v. Clark, 226

Miss. 892, 85 So.2d 588; State v. Francis, 261 N.C. 358, 134 S.E.2d 681; Schuchman v.

State, Ind., 236 N.E.2d 830; Adair Pipeline Co. v. Pipeliners Local Union No. 798,325 F.2d 206 (5th Cir. 1963).

3.   Moreover, the possibility and/or fact of subsequent remand by the federal court is irrelevant to the fact of temporary removal of state court jurisdiction into the federal court, i.e., even if the removal is ineffective, orders entered by the state court during the period of removal jurisdiction are still void for lack of jurisdiction. Even if a case is eventually ruled to be not removable, "the proceedings in the state court in the interval between the filing and service of the removal petition and the remand order [are] void." South Carolina v. Moore at 1069. In the same ruling, the Fourth Circuit elaborated that "any proceedings in the state court after the filing of the petition and prior to a federal remand order are absolutely void, despite subsequent determination that the removal petition was ineffective." Id. at 1073. The Fourth Circuit reconfirmed these holdings of its prior decision, in Ackerman v. ExxonMobil, by ruling:

> Because§ 1446(d) explicitly states that 'the State court shall proceed no further' once removal is effected, 28 U.S.C. §1446(d), we agree with the Defendants that the statute deprives the state court of further jurisdiction over the removed case and that any post-removal actions taken by the state court in the removed case action are void ab initio. see south Carolina v. Moore, 447 F.2d 1067, 1072-73 (4th cir. 1971); accord Polyplastics, Inc. v. Transconex, me., 713 F.2d 875, 880 (1st Cir. 1983).

> -Kenneth Acke1man v. ExxonMobil Corporation, 12-1103 at 16 (4th Cir. 2013).

4.   The Fifth Circuit also "super-reaffirmed" the Fourth Circuit's ruling in Moore:

In National steam-ship co. v. Tugman, 106 u.s. 118, 1 s. ct. 58, 27 L. Ed. 87

(1882), the supreme Court held that the removal of a case from state court to

federal court ends the power of the state court to act upon the filing, therefore, of

the petition (for removal) and bond ... the jurisdiction of the state court absolutely

ceased, and that of the circuit court immediately attached. The duty of the state

court was to proceed no further in the case. Every order thereafter  made in that

court was coram non judice, unless its jurisdiction was actually restored. 106 .S.

at 122, 1 s.ct. at 60. See Johnson v. Estelle, 625 F.2d 75, 77 (5th  cir.  1980) (per

curiam); South Carolina v. Moore, 447 F.2d 1067, 1073 (4th Cir. 1971); Allman

v. Hanley, 302 F.2d 559, 562 (5th cir. 1962). The jurisdiction of the state court is

not restored unless and until the federal court remands the case. Lowe v. Jacobs,

243 F.2d 432, 433 (5th Cir. 1957), cert. denied, 355 U.S. 842, 78 S. Ct. 65, 2 L.

Ed. 2d 52 (1957). A state court judgment in a case that has been removed may not

foreclose further federal proceedings in the removed case and the federal court

may enjoin a party from enforcing the state court judgment.  Adair Pipeline co.  v.

Pipeliners Local Union No. 798, 325 F. 2d 206 (5th Cir.  1963); Roach v. First

National Bank of Memphis, 84 F.2d 969 (5th Cir. 1936).

-E. D. Systems Corporation v. Southwestern Bell Telephone Company, 674 F.2d

453 at§§ 19-21 (5th Cir. 1982)

5.   See also, e.g., California ex rel. Sacramento Metro. Air Quality Mgmt. Dist. v. United States, 215 F.3d 1005, 1011 (9th Cir. 2000) ("The removal of an action to federal court necessarily divests state and local courts of their jurisdiction over a particular dispute."); Maseda v. Honda Motor Co., 861 F.2d 1248, 1254 (11th Cir. 1988) ("[A]fter removal, the jurisdiction of the state court absolutely ceases and the state court has a duty not to proceed any further in the case."); Kane v. St. Raymond's Roman Catholic Church, No. 14-CV-7028 AJN, 2015 WL 4270757, at *3 (S.D.N.Y. July 13, 2015) (Nathan, J.) ("Under 28 U.S.C. § 1446(d), all state court proceedings must cease once a notice of removal has been filed, unless and until the action is remanded to the state court.").

6.   It is not just universally the federal courts, but the state courts at large across America also understand and agree that state court orders entered during pendency of removal are void.

7.   See, e.g., Farm Credit Bank of St. Paul v. Rub, 481 N.W.2d 451,456 (N.D. 1992) ("The current removal statute provides that, upon a filing of a notice of removal, "the State court shall proceed no further unless and until the case is remanded." 28 U.S.C. § 1446(d). As a general rule, "a state court adjudication, while a removal petition is pending in federal court, is void, even if the federal court subsequently determines that the case is not removable.").

8.   See also Vigil v. Mora Indep. Sch., 841 F. Supp. 2d 1238, 1240-41 (D.N.M. 2012) (Hansen, J.). In Vigil v. Mora Independent Schools, for example, the state magistrate court held a hearing despite the defendant's decision to remove the case. See 841 F. Supp. 2d at 1240. The Honorable C. Leroy Hansen, Senior United States District Judge for the District of New Mexico, held that the state hearing was "void ab initio," adding that "**the party who removed the case is not obligated to appear in state court and litigate the suit on the**

**merits if the state court exercises jurisdiction in defiance of the removal**." 841 F. Supp. 2d at 1240-41[emphasis added for the Defendant in case they missed this].

9.   The universal understanding of the state courts themselves acknowledging transfer of case jurisdiction into the federal court upon removal is very well documented even by the legal industry itself. See 14C Wright & Miller§ 3736 ("According to a significant number of decided cases ... any post-removal proceedings in the state court are considered coram non Judice and will be vacated by the federal court even if the removal subsequently is found to have been improper and the case is remanded back to that state court."). The great bulk of reported cases are consistent with this interpretation. See also 38 A.L.R. Fed. 824 (listing state cases holding that state courts "could not ignore allegedly deficient removal petitions").

10. It is immaterial to this Response that the Defendants have argued for Remand (ECF 28), the state court below still lost jurisdiction during the pendency of removal, and simply had no authority to act whatsoever. The Defendants overt and brazen disregard for any semblance of "lawful conduct" is yet *another example* of the crimes committed daily by the Defendant (Exhibits A through F).

## IV.   <u>REQUEST FOR EMERGENCY INJUNCTION</u>

As the Defendants have repeatedly shown they have no intent of respecting, let alone following, the Federal or State laws in practice or intent, this Plaintiff requests relief in the form of an Emergency Injunction against all parties named in this Removal (ECF 1) and all parties names in this document herein (pp. 7-8). Each party has shown repeatedly that the law, the Constitution, and any other supposed guideline or semblance of "justice" will be ignored, and Defendants have clearly displayed an intent to violate Plaintiff's Constitutional

Rights, no matter the repercussions. Plaintiff requests that each named individual be prohibited from any further actions, filings, motions, or any other act that affects the original Stat Court case or this Plaintiff in any way, other than to remove the *illegal warrant* sought and granted by rogue actors intent upon violating Plaintiff's rights.

Plaintiff also requests that Magistrate Ray, as a duly swore officer of the courts, abide by his oath and refer the individuals named herein for formal investigation by Federal law enforcement. The Magistrate has s duty to root out corruption when he becomes aware of it, and the Defendants have been serving up "corruption stew" to Magistrate Ray since April 18, 2023 (we don't even need to speak to the massive catering of "corruption stew" that Judge Jack has been served by these same defendants since 2011); no one anywhere with any insight into the Texas scheme has any doubt about the long history of corruption within this system, all court actors included.

Denying the overt violations of Constitutional protections in this case is analogous to claiming the slaves were better off being owned by another human being. It is simply a self-serving prevarication that holds no truth, and the Defendant has been on full display letting their agenda (which is not the agenda they swore to uphold) provide more than ample evidence of what has been accused within the Removal (ECF 1) since Day 1.

## V.    <u>CONCLUSION</u>

The Defendant is a lair, per Judge Jack, so any filings, pleadings, motions, or other submissions by the Defendant should be viewed in such a light, and all of their filings should be dismissed as simply more of the same (*See M.D. v. Abbott*, 152 F. Supp. 3d 684 (S.D. Tex. 2015)). Unless Magistrate Ray believes he have much more insight and experience

deciphering if the State is a liar who routinely violates the Constitutional rights of its citizens than the esteemed Judge Janis Jack of TXSD, who has been dealing with these liars and child abusers for well over a decade, then it is requested that Magistrate Ray accept the findings of Judge Jack that the State is in fact an lying child abuser, which certainly should affect any rulings requested by the affirmed liar/child abusers (State).

In fact, unless this court intends to continue ignoring the gross violations of our United States Constitution, damning tens of thousands to be abused by an all-encompassing corrupt system with **_no actual remedy_**, then may God judge this court accordingly; even God's Word (Bible) speaks directly to the endemic corruption within courts, so God likely will not ignore what happens here.

This court should refuse the Magistrate Judge's Recommendation as the obvious ploy to protect elected officials that it is.  The Plaintiff also requests that the Defendants be instructed not to destroy any communications, documentation, or other data that it may have in its possession, that has anything to do with any case it is involved in concerning the Plaintiff.

Respectfully submitted,

Lewis Brooks McKenzie
706 W. 4th St.
Clarksville, Texas 75426
Tel:    972-837-5678
Email: LBMTCU@gmail.com
*Plaintiff-Petitioner Party of Record*

CERTIFICATE OF SERVICE

   I hereby certify:  that on this __17___ day of July, 2023, a true and complete copy of the above *notice of and verified petition for removal and criminal complaint upon human trafficking*, by depositing same via certified first class postage prepaid mail, RRR via USPS, if not performed via formal process server, has been duly served upon:

*(Statutory Intervenor United States)*
c/o U.S. Attorney General Merrick Garland
Office of the United States Attorney General
U.S. Department of Justice
950 Pennsylvania Avenue, NW
Washington, DC  20530-0001

*(Statutory Intervenor United States)*
c/o U.S. Attorney Chad E. Meacham
Office of the U.S. Attorney TXND
1100 Commerce Street, 3rd Floor
Dallas, Texas 75242-1699

*(Cross-Defendant State of Texas)*
State of Texas
c/o Secretary of State Executive Office
P.O. Box 12887
Austin, TX  78711-2887

*(Cross-Defendant State of Texas)*
State of Texas
c/o Attorney General W. Kenneth Paxton
P.O. Box 12548
Austin, TX  78711-2548

*(Cross-Defendant Holly Hayes)*
Holly Hayes
c/o Child Support Enforcement
2001 Beach St., STE 800
Fort Worth, Texas 75103-2300

*(Counter-Defendant Kelli Marie (Rayburn) McKenzie)*
Kelli Marie (Rayburn) McKenzie
7913 Hannah St
Plano, TX 75025-6203

_____
Lewis Brooks McKenzie

CERTIFICATE OF CONFERENCE

I have attempted to confer with Defendants, but have received no reply to my communications to date.

_____
Lewis Brooks McKenzie

# Exhibit A. State Argues for Jurisdiction of Federal Court

233-651265-18

FILED
TARRANT COUNTY
5/23/2023 11:54 AM
THOMAS A. WILDER
DISTRICT CLERK

**NOTICE: THIS DOCUMENT CONTAINS SENSITIVE DATE**
**NCP Name:    LEWIS BRROKS MCKENZIE**
**CP Name:     KELLI MARIE RAYBURN**
**OAG Number: 0012958320**

## CAUSE NO. 233-651265-18

| IN THE INTEREST OF | § | IN THE 233RD DISTRICT COURT |
|---|---|---|
| **DAVID BROOKS MCKENZIE** | § | OF |
| A CHILD | § | TARRANT COUNTY, TEXAS |

### NOTICE OF INTENT TO FILE RESPONSE TO RESPONDENT'S PLEADINGS

The Office of the Attorney General, representing only the interest of the State of Texas, files this Notice to the Court of its intent to file a response to Respondent's pleadings.

1.      On March 6, 2023, Respondent filed his Objection and Response to Motion for Enforcement of Child Support and Medical Support. On May 3, 2023, Respondent filed his Emergency Special Appearance, Motion to Quash Void Orders Attempted During Removal, and Notice of Special Pro Se Litigant Rights. On May 5, 2023, Respondent filed his Motion for Sanctions. All of these pleadings have requested affirmative relief from the Court.

2.      On April 17, 2023, Respondent filed a Notice of Removal of this case to the United States District Court, Northern District of Texas. Pursuant to 28 U.S.C.A § 1446(d) "…the State court shall proceed no further unless and until the case is remanded." Therefore, the OAG is unable to file its responses or other pleadings until such time as the case is remanded to this court.

3.      By this Notice, the OAG advises the Court that it intends to file its responses to the pleadings filed by Respondent in this cause as soon as the case is remanded to this Court to contest any and all affirmative relief requested by Respondent.

Respectfully submitted,
**Ken Paxton**
**Attorney General of Texas**



# Exhibit B.

# Illegal Warrant Request

# (FOLLOWING PAGES)

FILED
TARRANT COUNTY
2023 APR 19  AM 8: 03
THOMAS A. WILDER
DISTRICT CLERK

**NOTICE: THIS DOCUMENT CONTAINS SENSITIVE DATA**
NCP Name:   *LEWIS BROOKS MCKENZIE*
CP Name:    *KELLI MARIE RAYBURN*
OAG Number: **0012958320**
Office:     914

LAC:        **ENMC**

## CAUSE NUMBER *233-651265-18*

| | | |
|---|---|---|
| IN THE INTEREST OF | § | IN THE *233ᴿᴰ JUDICIAL DISTRICT COURT* |
| *DAVID BROOKS MCKENZIE* | § | OF |
| A CHILD | § | *TARRANT* COUNTY, TEXAS |

### ORDER FOR ISSUANCE OF CAPIAS

On the 18th day of April 2023 the Court held a hearing in this cause.

The Office of the Attorney General appeared by its attorney of record.

The Court finds that

a.   *LEWIS BROOKS MCKENZIE*, Obligor, was duly served with notice to appear at the designated date, time and place for a hearing on a Motion for Enforcement;

b.   *LEWIS BROOKS MCKENZIE* failed to appear;

c.   a capias should be ordered for the arrest of *LEWIS BROOKS MCKENZIE*;

d.   the pleadings on file with the Court allege child support arrears of $*7,622.11*; and

e.   the presumption pursuant to Texas Family Code § 157.101 has been rebutted and a reasonable cash bond would be $ *2500.00* .

The Court ORDERS the clerk of this court to issue a capias, directed to any peace officer of any county within the State of Texas, commanding said peace officer to arrest *LEWIS BROOKS MCKENZIE*, and confine him in the county jail of *TARRANT* County until he can be brought before the Court to answer the allegations of the motion. If *LEWIS BROOKS MCKENZIE* is arrested outside of *TARRANT* County, he shall be detained by the arresting authorities until such time as he can be transferred to the county jail of *TARRANT* County.

The Court ORDERS the arresting or detaining authorities to release *LEWIS BROOKS MCKENZIE* upon the posting of a **cash bond** in the amount of $ *2500.00* . If a cash bond is posted by *LEWIS BROOKS MCKENZIE* or by anyone for him, the money shall be deposited in the registry of this Court and the bond shall be subject to forfeiture or assignment to pay child support arrears as provided in Texas Family Code Chapter 157, Subchapter C.

The Court ORDERS *LEWIS BROOKS MCKENZIE* to contact the Office of the Attorney General on the day of his release from jail and appear appear the first day that court is in session, Tarrant County Family Law Center, 200 E. Weatherford St., Fort Worth, TX 76109, 1st floor, IV-D CT #2. if he is released on bond. At that time, upon finding that

child support arrears exist, without further notice to Obligor, the court may order the proceeds of the cash bond to be paid to the Texas Child Support Disbursement Unit for distribution according to law.



A CERTIFIED COPY
ATTEST: 09/08/2023
THOMAS A WILDER
DISTRICT CLERK
TARRANT COUNTY, TEXAS
BY: /s/ SAVANNAH THOPEN

RECOMMENDED:

_____
ASSOCIATE JUDGE PRESIDING

4/18/23
_____
DATE

APPROVED AND ORDERED:

_____
JUDGE PRESIDING

4/18/23
_____
DATE

Cause Number 233-651265-18; TARRANT County, Texas

_____
CHOYA BURKLEY - SBN: 24012361
KARLA BYRD - SBN: 24097446
PAULA CROCKETT - SBN: 00798123
STEPHEN E HAMMEL - SBN: 24043710
TAMEKA D BOYD - SBN: 24027406
Attorney of Record
CHILD SUPPORT DIVISION
2001 BEACH ST STE 800
FT WORTH, TX 76103-2300
Email CSD-legal-914@oag.texas.gov
Telephone No. 817-926-7197
Toll Free 800-252-8014
Fax No. 817-926-0522



A CERTIFIED COPY
ATTEST: 06/08/2023
THOMAS A WILDER
DISTRICT CLERK
TARRANT COUNTY, TEXAS
BY: /s/ SAVANNAH THIGPEN

# Exhibit C.
# Illegal Warrant Issued

# (FOLLOWING PAGES)

FILE COPY

# THE STATE OF TEXAS
## DISTRICT COURT, TARRANT COUNTY

*CAPIAS*          *Cause No. 233-651265-18*

INRE DAVID BROOKS MCKENZIE
VS.

## TO THE SHERIFF OR ANY CONSTABLE OF ANY COUNTY OF THE STATE OF TEXAS GREETINGS:

Pursuant to Article 157.102 of the Texas Family Code the Capias shall be treated by law enforcement officials in the same manner as an arrest warrant for a criminal offense, including entry in a local police, sheriff's or state computer record of outstanding warrants.

You are hereby authorized and demanded to take the body of

**MCKENZIE, LEWIS BROOKS  706 W 4TH ST CLARKSVILLE, TX  75425**

and safely deliver him  to the Master or Judge of the 233rd Judicial District Court, Tarrant County, Texas; in Suit Number 233-651265-18 . In accordance with the provisions of the Texas Family Code. If the Court is in session, you shall do with the body of **MCKENZIE, LEWIS BROOKS  706 W 4TH ST CLARKSVILLE, TX  75425**  as the Master or Judge of the 233rd Judicial District Court directs.

If the Court is not in session you shall deliver him to the Tarrant County Jail, Fort Worth, Texas. If Obligor is arrested outside of Tarrant County, he  shall be safely detained by the arresting authorities in their local jail until  such  time as he  can be transferred to the Tarrant County jail by the Tarrant County Sheriff's Department.

Be It Known that Respondent, **MCKENZIE, LEWIS BROOKS  706 W 4TH ST CLARKSVILLE, T,**  was cited to appear before the Court on the  **18th day of April, 2023**     to show cause why he  should not be held and adjudged to be in Contempt of Court for failure to obey the prior Order of the Court, as set forth in the Motion For Contempt which was filed in this cause. Respondent failed to appear.

**Respondent's Description is: MCKENZIE, LEWIS BROOKS  706 W 4TH ST CLARKSVILLE, TX  75425, Race CAUCASIAN, Sex M, Date of Birth 08/01/1971, Height 5'08", Weight 215 LBS, Hair Color SANDY, Eye Color BLUE.**

Bail has been set for the release of **MCKENZIE, LEWIS BROOKS  706 W 4TH ST CLARKSVILLE, at $ 2500.00**  CASH BOND, the bond being conditioned on his agreement to appear in Tarrant County before the 233rd Judicial District Court at  **8:30 A.M. on the first FRIDAY**     following Respondent's release from custody. Upon Respondent's payment of the CASH BOND amount, the receiving officer is Ordered to forward same to the registry of the Court through the District Clerk's Office of Tarrant County, 200 E WEATHERFORD FORT WORTH TX 76196-0402          with Respondent's name and this Cause Number included. The receiving officer is Ordered to advise Respondent that if he  does not appear, another Capias will be issued.

The arresting officer is Ordered to notify  **ATTORNEY GENERAL OF TEXAS**
**phone number 8179267197       upon posting the CASH BOND.**
The District Clerk's Office is Ordered to notify  **ATTORNEY GENERAL OF TEXAS**
**phone number 8179267197       upon receiving the CASH BOND.**
Execution of the Capias shall not be deemed until hearing on the Contempt is held.

Herein Fail Not, but of this Writ make due return on the instanter, showing how you have executed the same. WITNESS my official seal and signature, at my office, in the City of Fort Worth, Texas, on this the April 25, 2023

Thomas A. Wilder
District Clerk, Tarrant County, Texas

By _____ Deputy

KAREL JACKSON

## OFFICER'S RETURN  *23365126518000333*

Came to hand on the _____ day of _____, _____ at _____ o'clock ____M; and executed at _____ within the county of _____, State of _____ at _____ o'clock ___M, on the _____ day of _____, _____ by delivering the s

to the  Judge of said Court or to the Tarrant County Jail, Fort Worth, Texas, as directed by the Court in the above Wr

Fees $_____          Constable/Sheriff: _____

County of _____ State of_____

By _____ Deputy

A CERTIFIED COPY
ATTEST: 04/06/2023
THOMAS A. WILDER
DISTRICT CLERK
TARRANT COUNTY, TEXAS
BY /s/ SAVANNAH THIGPEN

Cause No. 233-651265-18

INRE DAVID BROOKS MCKENZIE

VS.

ISSUED

This 25th day of April, 2023

Thomas A. Wilder
Tarrant County District Clerk
200 E WEATHERFORD
FORT WORTH TX 76196-0402

By        KAREL JACKSON Deputy

CHOYA BURKLEY
Attorney for: ATTORNEY GENERAL OF TEXAS
Phone No. (800)252-8014
ADDRESS: CHILD SUPPORT DIVISION
2001 BEACH ST STE 800
FORT WORTH, TX 76103-2300

*FAMILY LAW*



*23365126518000333*
SERVICE FEES NOT COLLECTED
BY TARRANT COUNTY DISTRICT CLERK



A CERTIFIED COPY
ATTEST: 06/08/2023
THOMAS A. WILDER
DISTRICT CLERK
TARRANT COUNTY, TEXAS
BY: /s/ SAVANNAH THIGPEN

# Exhibit D. Appearance By Defendant (Rayburn) McKenzie

# (FOLLOWING PAGES)

**5**

NCP Name:   LEWIS BROOKS MCKENZIE
CP Name:    KELLI MARIE RAYBURN
OAG Number: 0012958320

# Appearance IV-D Court
### CAUSE NUMBER 233-651265-18

IN THE INTEREST OF                          §   IN THE *JUDICIAL*

MINOR CHILDREN                              §

OF

                                            §   *TARRANT* COUNTY, TEXAS

*(sideways stamp:)* THOMAS A. WILDER DISTRICT CLERK   2023 APR 20   AM 8: 58   FILED TARRANT COUNTY

Name: Kelli M. Rayburn        Date of Birth: 1-15-1971
Address: 7913 Hannah St       Home Phone: NA
City, St, Zip: Plano, TX 75025   Work Phone: (214) 762-6363

Social Security No.: XXX-XX- 9318        TX Driver's License No.: XXXX 9864

Employer: Prosper ISD - Folsom Elementery
Address: 800 Somerulle Dr.
City, St Zip: Prosper, TX 75078

I am the ☑ Mother/Father ( )Other David B. McKenz in the above-numbered cause of action.
I have been the victim of family violence: _____ Yes ___✓___ No.

    I have been advised by the Court that I have the right to employ an attorney to represent me in this matter at this time or at a later date.
    I choose to represent myself at this time.
    The above personal information is true and correct. I acknowledge that I have a duty to inform the Court and opposing counsel in writing of any changes.
    * All communications or notices concerning this matter may be sent or mailed to me at the above address **until I** notify the Court, and opposing counsel, in writing of a change.

Signature: Kelli m Ray
Print Name: Kelli m. Rayburn
Date: 4-18-23
Fax No.:
E-mail: ~~Km~~ Krayburn 71.2@ gmail.com



A CERTIFIED COPY
ATTEST: 06/08/2023
THOMAS A. WILDER
DISTRICT CLERK
TARRANT COUNTY, TEXAS
BY: /s/ SAVANNAH THIGPEN

# Exhibit E.
# Transaction Detail
# Tarrant Clerk

# (FOLLOWING PAGES)

```
                TARRANT COUNTY DISTRICT CLERK'S OFFICE          Page:    1
                   ALL TRANSACTIONS FOR A CASE                  Date: 06/09/2023
                                                                Time: 14:16
--------------------------------------------------------------------------------
        Cause Number: 233-651265-18   Date Filed: 11/05/2018
     KELLI MARIE MCKENZIE             v     LEWIS BROOKS MCKENZIE
                                      s
        Cause of Action: POST JUDGMENT TITLE IV-D
        Case Status....: PENDING
--------------------------------------------------------------------------------
        Filemark   Description                                      Fee Total
--------------------------------------------------------------------------------
1       11/05/2018 ORIG PET FOR DIV                              NUI   345.00
2       11/05/2018 PAYMENT RECEIVED TRANS #1                     Y     345.00
3       11/05/2018 Citation-ISSUED ON LEWIS BROOKS MCKENZIE-On   NUI     8.00
        11/05/2018 11/08/2018
4       11/05/2018 PAYMENT RECEIVED TRANS #3                     Y       8.00
5       11/05/2018 T.R.O.-ISSUED ON LEWIS BROOKS MCKENZIE. H/R   NUI     8.00
        11/05/2018 11/15/2018 - 09:00-On 11/08/2018
6       11/05/2018 PAYMENT RECEIVED TRANS #5                     Y       8.00
7       11/08/2018 TRO/ORD SET HRG FOR TEMP ORD -HRG 11/15/18 @9AM UIM   0.00
8       11/12/2018 T.R.O. Tr# 5 RET EXEC(LEWIS BROOKS MCKENZIE) On 11  I  0.00
        11/12/2018 /09/2018
9       11/12/2018 Citation Tr# 3 RET EXEC(LEWIS BROOKS MCKENZIE) On   I  0.00
        11/12/2018 11/09/2018
10      11/14/2018 VACATION LETTER FROM ATTY KELLY DECKER        UI      0.00
11      11/14/2018 MOTION FOR CONTINUANCE                        I       0.00
12      11/15/2018 APPEARANCE - LEWIS BROOKS MCKENZIE            I       0.00
13      11/15/2018 ASSOCIATE'S JUDGE'S REPORT - 12/10/18 @ 9AM   IM      0.00
14      11/30/2018 COPIES - FAMILY                               N       1.50
15      11/30/2018 PAYMENT RECEIVED TRANS #14                    Y       1.50
16      11/30/2018 RESPONDENT'S ORIGINAL ANSWER - LEWIS BROOKS MCKENZ UI 0.00
17      12/10/2018 RULE 11 AGREEMENT                             UI      0.00
18      12/10/2018 APPEARANCE - LEWIS BROOKS MCKENZIE            I       0.00
19      12/10/2018 PRETRIAL CONF ORDER- FINAL 4/25/19 @ 9AM      IM      0.00
20      01/08/2019 10 DAY LETTER                                 UI      0.00
21      01/08/2019 (ATTACHED)TEMPORARY ORDERS                    UI      0.00
22      01/10/2019 MOTION TO COMPEL MEDIATION & FOR SANCTIONS    UI      0.00
23      01/10/2019 NOTICE OF HEARING - 1/22/19 @ 9AM             UIM     0.00
24      01/18/2019 TEMPORARY ORDER(S)                            UIM     0.00
25      03/05/2019 MOTION FOR CONTINUANCE TO MODIFY DISCOVERY CONTROL UI 0.00
        03/05/2019 PLAN
26      03/05/2019 NOTICE OF HEARING -3/15/19 @ 9AM              UIM     0.00
27      03/13/2019 SETTLEMENT LETTER                             UI      0.00
28      03/14/2019 RESP ORIG ANSWER- LEWIS MCKENZIE              UI      0.00
29      03/15/2019 DEMAND FOR JURY TRIAL                         UI      0.00
30      03/15/2019 JURY FEE                                      N      40.00
31      03/15/2019 PAYMENT RECEIVED TRANS #30                    Y      40.00
32      03/15/2019 PRE-TRIAL CONFERENCE ORD-FINAL 9/9/19 @9AM    UIM     0.00
33      03/27/2019 CERTIFICATE OF WRITTEN DISCOVERY              UI      0.00
```

```
34   04/15/2019 RESP EMERGENCY MOT MOD TEMP ORD & APP FOR TRO E-LY NUI      30.00
35   04/15/2019 PAYMENT RECEIVED TRANS #34                       Y         30.00
36   04/15/2019 (ATTACHED) PROPOSED TRO (E-LY)                   I          0.00
37   04/15/2019 1ST AMENDED PETITION FOR DIVORCE                 UI         0.00
38   04/15/2019 APPLICATION FOR PROTECTIVE ORDER                 UI         0.00
39   04/15/2019 CITATION, PROTECTIVE ORDER                       NA         8.00
40   04/15/2019 SUBPOENA NOT ISSUED BY DC-JAMES ROST HRG         UI         0.00
41   04/15/2019 APPLICATION/MOTION-PROTECTIVE ORDER PENDING CASE N         16.00
42   04/15/2019 PETITION WRIT OF HABEAS CORPUS TO RETURN CHILD   NUI       75.00
43   04/15/2019 PAYMENT RECEIVED TRANS #42                       Y         75.00
44   04/15/2019 WRIT OF ATTACHMENT                               NA         8.00
45   04/15/2019 PAYMENT RECEIVED TRANS #44                       Y          8.00
46   04/15/2019 AGREED ORDER                                     IM         0.00
47   04/16/2019 MOTION TO QUASH SUBPOENA,IN ALTERNATIVE, IN      UI         0.00
     04/16/2019 CAMERA INSPECTION AND PROTECTIVE ORDER
48   04/22/2019 CERTIFICATE OF WRITTEN DISCOVERY                 UI         0.00
49   04/23/2019 (PROPOSED) NOTICE OF HEARING (E-LY)              UI         0.00
50   04/24/2019 NOTICE OF HEARING - 05/02/19 @ 1:30PM            UIM        0.00
51   04/29/2019 SUBPOENA REQUIRING APPR @ HRG & FOR PRODUCTION   UI         0.00
     04/29/2019 OF DOCUMENTS OR TANGIBLE EVIDENCE
52   04/29/2019 2ND AMENDED PETITION FOR DIVORCE                 UI         0.00
53   05/01/2019 COPIES - FAMILY                                  N          1.00
54   05/01/2019 PAYMENT RECEIVED TRANS #53                       Y          1.00
55   05/01/2019 DOCKET SHEET                                     UI         0.00
56   05/01/2019 RESP MOTION FOR CHILD CUSTODY EVALUATION         UI         0.00
58   05/01/2019 CERTIFICATE OF ATTENDANCE - KELLI MARIE MCKENZIE I          0.00
57   05/02/2019 ASSOCIATE JUDGE'S REPORT                         UIM        0.00
60   05/22/2019 CERTIFICATE OF ATTENDANCE - LEWIS BROOKS MCKENZIE I         0.00
59   05/23/2019 (PROPOSED) ADDITIONAL TEMPORARY ORDERS           UI         0.00
     05/23/2019 (E-LY0
61   05/28/2019 ADDITIONAL TEMPORARY ORDERS                      UIM        0.00
62   05/28/2019 ORDER FOR CUSTODY EVALUATION                     UIM        0.00
63   07/12/2019 CERTIFICATE OF WRITTEN DISCOVERY                 UI         0.00
64   07/12/2019 AGREED MOTION FOR CONTINUANCE                    UI         0.00
65   07/29/2019 (PROP) AGREED ORDER ON MOTION FOR CONTINUANCE(E-LY UI       0.00
66   08/01/2019 TRIAL DOCKET EMAILED ON 8/1/2019                 IM         0.00
67   08/01/2019 ARG ORD ON MOT FOR CONTINUANCE - HRG 3/9/20 @9AM UIM        0.00
68   08/14/2019 MOTION FOR WITHDRAWAL OF COUNSEL                 UI         0.00
69   08/14/2019 (PROPOSED) ORD ON MOT WITHDRAWAL COUNSEL (E-LY)  UI         0.00
70   08/19/2019 ORD ON MOT FOR W/D OF COUNSEL -ROBERT ALDRICH    UIM        0.00
71   08/20/2019 MOT FOR EX PARTE TRO, ADDL TEMPT ORDS & INTERIM  NUI       30.00
     08/20/2019 ATTY'S FEES (EXTRAORDINARY RELIEF)
72   08/20/2019 PAYMENT RECEIVED TRANS #71                       Y         30.00
73   08/20/2019 Citation-ISSUED ON LEWIS BROOKS MCKENZIE-On      NUI        8.00
     08/20/2019 08/20/2019
74   08/20/2019 PAYMENT RECEIVED TRANS #73                       Y          8.00
75   08/20/2019 T.R.O.-ISSUED ON LEWIS BROOKS MCKENZIE. H/R      NUI        8.00
     08/20/2019 09/03/2019 - 09:30-On 08/20/2019
76   08/20/2019 PAYMENT RECEIVED TRANS #75                       Y          8.00
77   08/20/2019 CERTIFIED COPIES - FAMILY                        N          3.00
```

```
78     08/20/2019 PAYMENT RECEIVED TRANS #77                    Y        3.00
79     08/20/2019 EX PARTE TEMPORARY RESTRAINING ORDER AND ORDER  UIM      0.00
       08/20/2019 SETTING HEARING FOR TEMPORARY ORDERS (EXTRAORDINAR
       08/20/2019 Y RELIEF)
80     08/23/2019 SUBPOENA NOT ISSUED BY DC-CUSTODIAN OF RECORDS  UI       0.00
81     08/26/2019 SUBPOENA NOT ISSUED BY DC - CRISTINA SALINAS -  UI       0.00
       08/26/2019 REQ APPR AT HRG & PROD OF DOC OR TANGIBLE EVIDENCE
82     08/28/2019 SUBPOENA REQUIRING APPEARANCE NOT ISSUED AT DC  UI       0.00
83     08/28/2019 T.R.O. Tr# 75 RET EXEC(LEWIS BROOKS MCKENZIE) On 0 UI    0.00
       08/28/2019 8/21/2019
84     08/28/2019 Citation Tr# 73 RET EXEC(LEWIS BROOKS MCKENZIE) On UI    0.00
       08/28/2019  08/21/2019
85     08/29/2019 INVENTORY & APPRAISEMENT OF KELLI MARIE MCKENZIE  UI     0.00
86     09/03/2019 ASSOC JDG'S REPORT - DIVORCE                     UIM     0.00
87     10/16/2019 LETTER FORM MARY ABBOTT (E-LY)                   UI      0.00
88     10/25/2019 (PROP) SUPPLEMENTAL TEMP ORDERS (E-LY)           UI      0.00
89     10/28/2019 PAPER RECORDS DESTROYED                                  0.00
90     11/05/2019 SUPPLEMENTAL TEMP ORDERS                         UIM     0.00
91     11/07/2019 SUPPLEMENTAL TEMP ORDS                           UIM     0.00
92     11/11/2019 AGREED SCHEDULING ORDER                          UIM     0.00
93     11/14/2019 REQUEST FOR DE NOVO HEARING AND MOTION TO RETURN  UI     0.00
       11/14/2019 CASE TO THE DISTRICT COURT (NOT SIGNED BY ATTY)
94     11/14/2019 (PROP) NOTICE OF HEARING (E-LY)                  UI      0.00
95     11/25/2019 AMENDED REQ FOR DE NOVO HEARING AND MOTION TO    UI      0.00
       11/25/2019 RETURN CASE TO THE DISTRICT COURT
96     11/25/2019 NOT OF HRG 1/2/20 9A REQ FOR DE NOVO & REF TO DIST UIM   0.00
       11/25/2019 CT
97     12/02/2019 PETITIONER'S MOTION TO COMPEL                    UI      0.00
98     12/02/2019 (PROP) NOTICE OF HEARING (E-LY)                  UI      0.00
99     12/03/2019 NOTICE OF HEARING 01/02/2020 @ 9:00 AM           UIM     0.00
100    12/03/2019 MOTION FOR ENFORCEMENT OF CHILD SUPPORT ORDER    NUI    30.00
101    12/03/2019 PAYMENT RECEIVED TRANS #100                      Y      30.00
102    12/03/2019 (PROP) NOTICE OF HEARING (E-LY)                  UI      0.00
103    12/03/2019 TARRANT COUNTY SERVICE REQUEST FORM              UI      0.00
104    12/03/2019 Citation-ISSUED ON LEWIS BROOKS MCKENZIE-On      NUI     8.00
       12/03/2019 12/03/2019
105    12/03/2019 CITATION                                         NA      8.00
106    12/03/2019 PAYMENT RECEIVED TRANS #105                      Y       8.00
107    12/03/2019 PAYMENT RECEIVED TRANS #104                      Y       8.00
108    12/03/2019 CITATION Tr# 105                                 NA     -8.00
109    12/03/2019 SHOW CAUSE-ISSUED ON LEWIS BROOKS MCKENZIE. H/R  NAU     8.00
       12/03/2019 01/02/2020 - 09:00-On 12/03/2019
110    12/03/2019 NOTICE OF HEARING 1/2/20 9A MOT FOR ENF OF C/S   UIM     0.00
111    12/04/2019 SHOW CAUSE Tr# 109 RET EXEC(LEWIS BROOKS MCKENZIE)  I    0.00
       12/04/2019  On 12/03/2019
112    12/04/2019 Citation Tr# 104 RET EXEC(LEWIS BROOKS MCKENZIE) O  I    0.00
       12/04/2019 n 12/03/2019
113    12/20/2019 EXPERT WITNESS DESIGNATION                       UI      0.00
114    12/20/2019 RESP LEWIS BROOKS MCKENZIE'S DESIGNATION OF EXPERT UI    0.00
115    12/20/2019 RULE 11 AGREEMENT (E-LY)                         UI      0.00
```

```
116   12/23/2019 MOTION FOR W/D OF COUSEL - MARY ABBOTT          UI        0.00
117   12/23/2019 (PROP) NOT OF HRG - 1/2/20 @ 9AM (E-LY)         UI        0.00
118   12/23/2019 NOTICE OF HEARING - 1/2/20 @ 9AM (E-LY)         UIM       0.00
119   01/02/2020 ORD HOLD RESP IN CONTEMPT FOR FAILURE TO PAY C/S, UIM     0.00
      01/02/2020 GRANTING JDGMT FOR ARREARAGES, & SUSPENDING COMMIT
      01/02/2020 MENT
120   01/03/2020 CONF LTR 1/9/20 1:30P MOTION TO COMPEL(E-LY)    UI        0.00
121   01/09/2020 ORIGINAL COUNTERPETITION FOR DIVORCE            NUI      75.00
122   01/09/2020 PAYMENT RECEIVED TRANS #121                     Y        75.00
123   01/09/2020 ORD GRANTING PET'S MOTION TO COMPEL             UIM       0.00
124   01/09/2020 ORD ON MOT FOR W/D OF COUNSEL - MARY ABBOTT      IM       0.00
125   01/10/2020 (PROP) INCOME WITHHOLDING FOR SUPPORT (E-LY)    UI        0.00
126   01/10/2020 INCOME WITHHOLDING FOR SUPPORT (CC: C/S)        UIM       0.00
127   01/13/2020 (PROP) NOT OF HEARING (E-LY)                    UI        0.00
128   01/13/2020 NOTICE OF PT CONF(JURY TRIAL)3/9/20 9A          UIM       0.00
129   01/23/2020 NOT OF APPR OF CO COUNSEL FOR LB MCKENZIE       UI        0.00
130   01/31/2020 TRIAL DOCKET 03/09/2020                         UIM       0.00
131   01/31/2020 TRIAL DOCKET 03/09/2020 EMAILED ON 02/05/2020   UIM       0.00
132   02/05/2020 NOTICE OF FILING OF BUSINESS RECORDS AFFIDAVIT  UI        0.00
133   02/05/2020 AFFIDAVIT OF BUSINESS RECORDS                   UI        0.00
134   02/07/2020 INVENTORY & APPRAISEMENT OF K MCKENZIE          UI        0.00
135   02/07/2020 CERTIFICATE OF WRITTEN DISCOVERY                UI        0.00
136   02/07/2020 RESP'S CERT OF WRITTEN DISCOVERY DIRECT TO PET  UI        0.00
137   02/10/2020 NOT OF FILING OF BUSINESS RECORDS AFFIDAVIT     UI        0.00
138   02/10/2020 AFFIDAVIT FOR BUSINESS RECORDS                  UI        0.00
139   02/19/2020 NOTICE OF FILING BUSINESS RECORDS AFFIDAVIT     UI        0.00
140   02/19/2020 BUSINESS RECORDS AFFIDAVIT                      UI        0.00
141   02/19/2020 ATTY OOSTDYK ISSUED SUBPOENA TO COMPEL PRODUCTION UI      0.00
      02/19/2020 OF DOCUMENTS AND TANGINBLE THINGS
142   02/20/2020 MOTION TO APPR TELEPHONICALLY                   UI        0.00
143   02/20/2020 (PROP) ORD ON MOT TO APPR TELEPHONICALLY (E-LY) UI        0.00
144   02/24/2020 ATTY KING ISSUED SUBPOENA TO APPEAR AND TESTIFY AT UI     0.00
      02/24/2020 TRIAL
145   02/24/2020 MOTION IN LIMINE                                UI        0.00
146   02/26/2020 SUBPOENA NOT ISSUED BY DC - TWILA MEYER         UI        0.00
147   02/26/2020 3RD AMEND PET FOR DIVORCE                       UI        0.00
148   02/27/2020 PET'S WITNESS LIST                              UI        0.00
149   02/27/2020 EXHIBIT LIST                                    UI        0.00
150   02/27/2020 LEWIS BROOKS MCKENZIE WITNESS LIST              UI        0.00
151   02/27/2020 LEWIS BROOKS MCKENZIE EXHIBIT LIST              UI        0.00
152   02/27/2020 ORD ON MOT TO APPEAR TELEPHONICALLY (DENIED)    UI        0.00
153   02/27/2020 SUBPOENA NOT ISSUED BY DC - LAKITA RICHARDSON   UI        0.00
154   02/27/2020 ORDER ON MOTION IN LIMINE                       UIM       0.00
177   02/28/2020 TRIAL SUBPOENA - CUS OF REC CHRISTINA SALINAS   UI        0.00
      02/28/2020 APPEAR AND TESTIFY AT TRIAL AND PRODUCTION OF TANG
      02/28/2020 IBLE EVIDENCE
178   02/28/2020 SUBPOENA NOT ISSUED BY DC - CHRISTINA SALINAS   UI        0.00
155   03/02/2020 SUBPOENA NOT ISSUED BY DC - CRYSTAL CELERIER    UI        0.00
156   03/03/2020 SUBPOENA NOT ISSUED BY DC - JEFF SABOLD         UI        0.00
157   03/03/2020 SUBPOENA NOT ISSUED BY DC - CUST REC CHRIST CHAP UI       0.00
```

```
                03/03/2020 BIBLE CHURCH
158   03/03/2020 SUBPOENA NOT ISSUED BY DC - CUST REC BAYLOR HEALTH UI      0.00
176   03/03/2020 SUBPOENA NOT ISSUED BY DC - JEFFREY SABOLD         UI      0.00
159   03/06/2020 ATTY KING ISSUED SUBPOENA TO APPR AND TESTIFY AT   UI      0.00
      03/06/2020 TRIAL-D ROW
160   03/06/2020 SUBPOENA NOT ISSUED BY DC - CRYSTAL CELERIER       UI      0.00
161   03/06/2020 SUBPOENA NOT ISSUED BY DC - SAMANTHA ERAKOVICH     UI      0.00
162   03/09/2020 SUBPOENA NOT ISSUED BY DC - JEFFREY SABOLD         UI      0.00
163   03/09/2020 SUBPOENA NOT ISSUED BY DC - DEEANNE ROW            UI      0.00
164   03/10/2020 MOT TO REVOKE SUSPENSION OF COMMITMENT (E-LY)      NI     15.00
165   03/10/2020 PAYMENT RECEIVED TRANS #164                        Y      15.00
166   03/10/2020 CITATION                                           NA      8.00
167   03/10/2020 PAYMENT RECEIVED TRANS #166                        Y       8.00
170   03/11/2020 ORD TO APPR 3/27/20 9A MOT TO REVOKE SUSPENSION OF UIM     0.00
      03/11/2020 COMMITMENT
168   03/12/2020 CITATION Tr# 166                                   NA     -8.00
169   03/12/2020 SHOW CAUSE-ISSUED ON LEWIS BROOKS MCKENZIE. H/R    NAU     8.00
      03/12/2020 03/27/2020 - 09:00-On 03/12/2020
171   03/12/2020 SUBPOENA NOT ISSUED BY DC - KRISTE MORON           UI      0.00
172   03/13/2020 NOT OF FILING OF BUSINESS RECS AFFIDAVIT           UI      0.00
173   03/13/2020 MEDICAL RECORDS AFFIDAVIT                          UI      0.00
174   03/13/2020 SUBPOENA NOT ISSUED BY DC - TWILA MEYER            UI      0.00
179   03/16/2020 SHOW CAUSE Tr# 169 RET EXEC(LEWIS BROOKS MCKENZIE) I       0.00
      03/16/2020  On 03/14/2020
180   03/16/2020 ATTY MARTIN ISSUED SUBPOENA-J ROST                 UI      0.00
175   03/17/2020 RULE 11 AGREEMENT (E-LY)                           UI      0.00
181   04/06/2020 IV-D INTERVENTION                                  NUI    75.00
182   04/20/2020 CONF LTR 5/15/20 9A MOTION TO REVOKE(E-LY)         UI      0.00
183   05/12/2020 MOT FOR LEAVE OF COURT TO SUPPLEMENT DISCOVERY     UI      0.00
      05/12/2020 RESPONSES AND AMEND EXHIBIT LIST
184   05/20/2020 CONFIRMATION LETTER - 5/27/20 @ 1030AM/ZOOM (E-LY) UI      0.00
185   05/27/2020 CONFIRMATION LETTER - 6/8/20 @ 11AM (E-LY)         UI      0.00
186   05/28/2020 CERTIFICATE OF WRITTEN DISCOVERY                   UI      0.00
187   05/28/2020 EXHIBIT LIST                                       UI      0.00
188   05/29/2020 (PROP) ORDER GRANTING MOTION FOR LEAVE OF COURT    UI      0.00
      05/29/2020 (E-LY)
189   05/29/2020 ORD GRANT MOT FOR LEAVE OF COURT                   UIM     0.00
190   05/29/2020 MOTION TO MODIFY TEMPORARY ORDERS                  NUI    30.00
191   05/29/2020 PAYMENT RECEIVED TRANS #190                        Y      30.00
192   06/01/2020 ANSWER TO MOT TO REVOKE SUSPENSION OF COMMITMENT   UI      0.00
193   06/04/2020 CONF LRT 10/12/20 9A-JURY TRIAL(E-LY)              UI      0.00
194   06/04/2020 CERTIFICATE OF CONFERENCE                          UI      0.00
195   06/16/2020 PTNR'S MOTION TO APPT NEW CHILD CUSTODY EVALUATOR  UI      0.00
196   06/16/2020 NOTICE OF HEARING - 6/30/20 @ 9AM/ZOOM            UIM      0.00
197   06/17/2020 AG PAYMENT, for transaction 181, dated 04/06/2020  Y       9.90
198   06/22/2020 ATTY KING ISSUED SUBPOENA REQUIRING APPEARANCE     UI      0.00
      06/22/2020 AT HEARING-S NEWMAN 6/30/20 9A ZOOM
199   06/22/2020 (PROP) ORDER SUSPENDING COMMITMENT AND EXTENDING   UI      0.00
      06/22/2020 COMMUNITY SUPERVISION(E-LY)
200   06/22/2020 ORD SUSPENDING COMMITMENT & EXTENDING COMMUNITY   UIM      0.00
```

```
              06/22/2020 SUPERVISION
201           06/29/2020 SUBPOENA NOT ISSUED BY DC - TWILA MEYER          UI        0.00
202           06/29/2020 MOTION TO RECUSE JUDGE                          UI        0.00
203           06/29/2020 (PROP) ORD ON MOT TO RECUSE JUDGE (E-LY)        UI        0.00
204           06/30/2020 (PROP) JUDGEMENT FOR ATTY'S FEES (E-LY)         UI        0.00
205           07/01/2020 JUDGMENT FOR ATTY'S FEES                        UIM       0.00
206           07/01/2020 ORDER OF REFERRAL                               UIM       0.00
207           07/02/2020 EMAIL RE SIGNED ORD OF REFERRAL                  I        0.00
213           07/20/2020 ORDER RESETTING HEARING - 8/12/20 @ 2PM/ZOOM    UIM       0.00
214           07/21/2020 ORD SET VIDEO CONFERENCE HRG - 7/29/20 @ 10A/ZOOM  UIM    0.00
208           07/28/2020 RESPONSE TO MOTION TO RECUSE JUDGE AND MOTION FOR  UI     0.00
              07/28/2020 SANCTIONS
209           07/29/2020 NOTICE OF NONSUIT OF MOTION TO RECUSE JUDGE     UI        0.00
210           07/29/2020 (PROP) ORD ON NOTICE OF NONSUIT (E-LY)          UI        0.00
211           07/29/2020 RULE 11 AGREEMENT (E-LY)                        UI        0.00
212           07/30/2020 DEPUTY REPORTER LOG                             UI        0.00
215           08/06/2020 ORD DENYING MOTION TO RECUSE JUDGE              UIM       0.00
216           09/09/2020 1ST SUPPLEMENTAL MOTION FOR LEAVE OF COURT TO   UI        0.00
              09/09/2020 SUPPLEMENT DISCOVERY RESPONSES & AMEND EXHIBIT LIS
              09/09/2020 T
217           10/02/2020 (PROP) ORD ON MOT FOR W/D OF COUNSEL (E-LY)     UI        0.00
218           10/02/2020 MOTION FOR W/D OF COUNSEL - CW MARTIN           UI        0.00
219           10/06/2020 10 DAY LETTER (E-LY)                            UI        0.00
220           10/08/2020 PTNR'S 1ST AMEND MOT TO APPOINT NEW CHILD CUSTODY  UI     0.00
              10/08/2020 EVALUATOR & TO ENTER ORD FOR FCS
221           10/15/2020 (PROP) NOT OF HRG - 11/19/20 @ 11A/ZOOM (E-LY)  UI        0.00
222           10/15/2020 NOTICE OF HEARING 11/19/2020 @ 11 AM - ZOOM      IM       0.00
223           10/19/2020 ORD ON MOT FOR W/D OF COUNSEL - ATTY MARTIN      IM       0.00
224           10/21/2020 ENTRY OF APPEARANCE - JENNIFER SCHERF           UI        0.00
225           10/21/2020 (PROP) ORD ON MOT FOR APPT OF AMICUS ATTY FOR   UI        0.00
              10/21/2020 CHILD (E-LY)
226           10/21/2020 MOT FOR APPT OF AMICUS ATTY FOR CHILD           UI        0.00
227           10/22/2020 NOTICE OF FILING                                UIM       0.00
228           11/05/2020 AMEND MOT FOR APPT OF AMICUS ATTY FOR CHILD     UI        0.00
229           11/12/2020 MOT TO MOD TEMP ORDERS                          NUI      30.00
230           11/12/2020 PAYMENT RECEIVED trans #229                      Y       30.00
231           11/12/2020 NOT OF HRG(ZOOM) - 11/19/20 @11AM                IM       0.00
232           11/30/2020 EMAIL REGARDING 2ND ORD FOR SUPERVISED VISITATION  I      0.00
233           11/30/2020 EMAIL REGARDING 2ND ORD FOR SUPERVISED VISITATION  I      0.00
234           11/30/2020 2ND ORD FOR SUPERVISED VISITATION AT THE         IM       0.00
              11/30/2020 VISITATION CENTER
235           12/01/2020 (PROPOSED) TEMP CHILD SUPPORT ORDERS (E-LY)     UI        0.00
236           12/08/2020 (PROP) ORD APPOINT AMICUS ATTY (E-LY)           UI        0.00
237           12/09/2020 ORDER APPOINTING AMICUS ATTY - ATTY ORTH         IM       0.00
238           12/16/2020 TEMPORARY CHILD SUPPORT ORDERS                  UIM       0.00
239           12/23/2020 MOTION FOR SUBSTITUTION OF COUNSEL              UI        0.00
240           12/23/2020 (PROP) AGREED ORD ON MOT FOR SUBSTITUTION OF (E-LY UI     0.00
              12/23/2020 COUNSEL
241           12/29/2020 AGREED ORD ON MOT FOR SUB OF COUNSEL- J JACOBSON UIM      0.00
242           12/29/2020 EMAIL FROM COURT COORDINATOR TO PARTIES RE:ORDER  I       0.00
```

```
         12/29/2020 FOR SUB OF COUNSEL
243      01/22/2021 CONFIRMATION LETTER - 8/16/21 @ 9A (E-LY)          UI       0.00
244      01/25/2021 CONFIRMATION LETTER - 9/13/21 @ 9AM (E-LY)         UI       0.00
245      02/25/2021 MOTION TO TRANSFER                                 NUI     15.00
246      02/25/2021 PAYMENT RECEIVED trans #245                        Y       15.00
247      02/25/2021 (PROPOSED) AGREED ORD ON MOT TO TRANSFER (E-LY)    UI       0.00
248      03/01/2021 (PROPOSED) AMENDED ORD ON MOT TO TRANSFER (E-LY)   UI       0.00
249      03/08/2021 NOT OF HRG(ZOOM) - 3/30/21 @930AM                  UIM      0.00
250      03/17/2021 RESPONSE TO MOT TO TRANSFER VENUE                  UI       0.00
251      03/22/2021 AMENDED MOTION TO TRANSFER                         UI       0.00
252      04/05/2021 (PROPOSED) ORDER DENYING RESP'S MOTION TO TRANSFER UI       0.00
         04/05/2021 VENUE (E-LY)
253      04/06/2021 ORD DENYING RESP'S MOT TO TRANSFER VENUE           UIM      0.00
254      07/01/2021 NOTICE OF CURRENT ADDRESS OF PETITIONER            UI       0.00
255      07/21/2021 NTC OF PRETRIAL CONF (JURY TRIAL)-9/13/21 @9AM     UIM      0.00
256      07/21/2021 EMAIL FROM COORDINATOR RE: PRETRIAL CONFERENCE      I       0.00
257      07/21/2021 MOTION FOR RECUSAL/DISQUALIFICATION                UI       0.00
258      07/30/2021 ORDER OF REFERRAL                                  UIM      0.00
259      08/03/2021 OBJ TO JUDGES & TARRANT COUNTY                     UI       0.00
260      08/06/2021 2ND SUPP MTN FOR LEAVE OF COURT TO SUPPLEMENT DISC UI       0.00
         08/06/2021 RESPONSES AND AMEND EXHIBIT LIST
261      08/06/2021 CONFIRMATION LETTER - 8/11/21 @1:30PM (E-AW)       UI       0.00
262      08/10/2021 MOTION FOR W/D OF COUNSEL - J SCHERF               UI       0.00
263      08/10/2021 (PROPOSED)ORDER ON MOTION FOR W/D OF COUNSEL       UI       0.00
268      08/10/2021 ORDER OF ASSIGNMENT BY THE PRESIDING JUDGE         UIM      0.00
267      08/11/2021 ORDER SETTING TELEPHONIC HEARING - 8/17/21 @915AM  UIM      0.00
264      08/12/2021 AGREED MOTION FOR W/D OF COUNSEL - J SCHERF        UI       0.00
265      08/12/2021 CHANGE OF ADDRESS - LEWIS MCKENZIE                 UI       0.00
266      08/12/2021 REQUEST FOR ZOOM HEARING                           UI       0.00
271      08/13/2021 ORDER                                              UIM      0.00
269      08/19/2021 OBJECTION/REPONSE TO RECUSAL/DISQUALIFICATION HRG  UI       0.00
270      08/20/2021 ORD ON MOT FOR W/D OF COUNSEL - JENNIFER SCHERF    UIM      0.00
286      08/20/2021 ORD DENY MOT FOR RECUSAL/DISQUALIFICATION OF JUDGE UIM      0.00
         08/20/2021 KENNETH NEWELL & ASSOCIATE JUDGE KATE STONE
272      08/23/2021 NTC OF PRETRIAL CONF (JURY TRIAL) - 8/26/21 @8:30A IM       0.00
273      08/23/2021 EMAIL FROM COORDINATOR RE: PRETRIAL CONFERENCE      I       0.00
274      08/25/2021 CERTIFIED COPIES - FAMILY                          N      162.00
275      08/25/2021 PAYMENT RECEIVED trans #274                        Y      162.00
276      08/25/2021 PTNR'S WITNESS LIST                                UI       0.00
277      08/25/2021 EXHIBIT LIST                                       UI       0.00
278      08/26/2021 ORD GRANT 2ND SUPP MOTION FOR LEAVE OF COURT       UIM      0.00
279      08/26/2021 DEPUTY REPORTER STATEMENT                           I       0.00
280      08/27/2021 ATTY ISSUED SUBPOENA TO APPEAR AND TESTIFY AT      UI       0.00
         08/27/2021 TRIAL - TWILA MEYER
281      08/27/2021 AMICUS ATTY'S WITNESS LIST                         UI       0.00
282      08/27/2021 AMICUS ATTY'S WITNESS LIST                         UI       0.00
283      08/27/2021 AMICUS ATTY'S EXHIBIT LIST                         UI       0.00
284      08/30/2021 INVENTORY AND APPRAISEMENT OF KELLI MARIE          UI       0.00
         08/30/2021 MCKENZIE
285      08/30/2021 DEPUTY REPORTER LOG                                 I       0.00
```

```
287   09/02/2021 STATES EXHIBIT LIST                                   UI        0.00
288   09/07/2021 MOTION TO APPEAR TELEPHONICALLY OR VIA ZOOM          UI        0.00
289   09/07/2021 CONFIRMATION LETTER - 9/13/21 @ 9A                   UI        0.00
290   09/10/2021 (PROP) FINAL DECREE OF DIVORCE (E-AW)                UI        0.00
291   09/10/2021 (PROP) ORD GRANT MOT TO APPR TELEPHONICALLY OR VIA  UI        0.00
      09/10/2021 ZOOM
293   09/10/2021 *CT/APPEALS (ORIG PROC) PET/MAND FILED               I         0.00
292   09/13/2021 AMICUS ATTY'S WITNESS LIST                           UI        0.00
294   09/16/2021 *CT/APPEALS (ORIG PROC) PET/MAND DENIED              I         0.00
295   09/30/2021 CONFIRMATION LETTER - 10/27/21 @ 10A                 UI        0.00
296   10/25/2021 OBJECTIONS                                           UI        0.00
297   10/25/2021 (ATTACHED) COURT OF APPEALS OPINION                  I         0.00
298   10/27/2021 CERTIFIED COPIES - FAMILY                            N        48.00
299   10/27/2021 PAYMENT RECEIVED trans #298                          Y        48.00
300   10/27/2021 INCOME WITHHOLDING FOR SUPPORT (CC:CS)              UIM        0.00
301   10/27/2021 FINAL DECREE OF DIVORCE                             UIM        0.00
302   10/27/2021 AUSTIN FORM (SENT 10/28/21)                          UI        0.00
303   10/27/2021 *****************CASE CLOSED*****************                   0.00
304   10/28/2021 Adjustment for # 39 service doc never issued         NA       -8.00
305   10/29/2021 Adjustment for # 44 service document never issued    NA       -8.00
306   10/29/2021 Refund Request Form-Created on 10/29/2021            UI        0.00
307   11/02/2021 Accounting notification from #306                              0.00
308   11/15/2021 REQUEST FOR FINDINGS OF FACT & CONCLUSIONS OF LAW    UI        0.00
      11/15/2021 (E-AW)
309   11/30/2021 EFILE Refund #E032765562-0 Check # 52922             Y        -8.00
310   12/06/2021 (PROPOSED) FINDINGS OF FACT PROVIDED IN RESPONSE     UI        0.00
      12/06/2021 TO THE REQUEST OF LEWIS BROOK MCKENZIE (E-AW)
311   12/16/2021 OBJ TO RESPONSE TO REQ FOR FINDINGS OF FACT          UI        0.00
      12/16/2021 & CONCLUSIONS OF LAW
312   12/16/2021 ADDL OR AMEND FINDINGS OF FACT & CONCLUSIONS OF      UI        0.00
      12/16/2021 LAW (E-AW)
313   01/11/2023 IV-D (PROPOSED) ORDER TO APPEAR & SHOW CAUSE         UI        0.00
314   01/11/2023 IV-D TARRANT COUNTY SERVICE REQUEST FORM             UI        0.00
315   01/11/2023 IV-D Citation-ISSUED ON KELLI MARIE RAYBURN-On      NUI        8.00
      01/11/2023 01/17/2023
316   01/11/2023 IV-D TARRANT COUNTY SERVICE REQUEST FORM             UI        0.00
317   01/11/2023 IV-D Citation-ISSUED ON LEWIS BROOKS MCKENZIE-On    NUI        8.00
      01/11/2023 01/17/2023
318   01/11/2023 IV-D SHOW CAUSE-ISSUED ON LEWIS BROOKS MCKENZIE.    NUI        8.00
      01/11/2023 H/R 04/18/2023 - 08:15-On 01/17/2023
319   01/11/2023 IV-D MOTION FOR ENFORCEMENT OF C/S AND M/S          NUI       30.00
320   01/12/2023 IV-D ORDER TO APPEAR & SHOW CAUSE (4/18/23 @ 8:15) UIM        0.00
321   02/07/2023 IV-D Citation Tr# 315 RET EXEC(KELLI MARIE RAYBURN  UI        0.00
      02/07/2023 ) On 01/27/2023
322   02/28/2023 IV-D CITATION RETURN - LBM                           UI        0.00
323   02/28/2023 IV-D Citation Tr# 317 RET EXEC(LEWIS BROOKS MCKENZ  UI        0.00
      02/28/2023 IE) On 02/07/2023
324   03/06/2023 OBJECTION AND RESPONSE TO MOT FOR ENFORCEMENT OF     UI        0.00
      03/06/2023 CHILD SUPPORT AND MEDICAL SUPPORT
325   04/17/2023 NOTICE OF REMOVAL TO THE US DISTRICT COURT          UI        0.00
```

```
326  04/17/2023 (ATTACH) ATTACHMENT STATE NOTICE REMOVAL        UI      0.00
327  04/18/2023 ORDER FOR ISSUANCE OF CAPIAS|$2500|LBM          UIM     0.00
328  04/20/2023 AG PAYMENT, for transaction 319, dated 01/11/2023  Y    9.90
329  04/20/2023 AG PAYMENT, for transaction 317, dated 01/11/2023  Y    5.28
330  04/20/2023 AG PAYMENT, for transaction 318, dated 01/11/2023  Y    5.28
331  04/20/2023 AG PAYMENT, for transaction 315, dated 01/11/2023  Y    5.28
332  04/20/2023 APPEARANCE - KELLI MARIE MCKENZIE               UI      0.00
333  04/25/2023 IV-D Capias Bond/Warrant-ISSUED ON MCKENZIE,    NUI     8.00
     04/25/2023 LEWIS BROOKS  706 W 4TH ST-On 04/25/2023
334  04/26/2023 CAPIAS BOND/WARRANT CHECKED OUT for # 333               0.00
335  05/03/2023 RESP'S EMERGENCY SPECIAL APPEARANCE, MOTION TO  UI      0.00
     05/03/2023 QUASH VOID ORDERS ATTEMPTED DURING REMOVAL AND NOT
     05/03/2023 ICE OF SPECIAL PRO S
     05/03/2023 E LITIGANT RIGHTS
336  05/05/2023 MOTION FOR SANCTIONS                            UI      0.00
337  05/16/2023 IV-D MTN TO W/D CAPIAS                          UI      0.00
338  05/23/2023 STATEMENT OF INABILITY TO AFFORD PAYMENT OF COURT  UI   0.00
     05/23/2023 COSTS OR AN APPEAL BOND
339  05/23/2023 IV-D THE AG'S NOTICE OF DESIGNATION OF COUNSEL  UI      0.00
340  05/23/2023 IV-D NOT OF INTENT TO FILE RESPONSE TO RESPONDENT'  UI  0.00
     05/23/2023 S PLEADINGS
--------------------------------------------------------------------------------
Total Number Of Records Printed:   340
```

# Exhibit F.
# Emails to Defendants

# (FOLLOWING PAGES)

Case 4:23-cv-00371-O-BP   Document 29   Filed 07/17/23   Page 42 of 43   PageID 294

 Gmail

**Brooks McKenzie <lbmtcu@gmail.com>**

---

## ATTN: Holly Hayes
1 message

**Brooks McKenzie, PhD** <lbmtcu@gmail.com>                    Mon, Apr 17, 2023 at 10:13 PM
To: CSD-legal-914@texasattorneygeneral.gov
Cc: Brooks McKenzie <lbmtcu@gmail.com>
Bcc: Rustin Wright <rustinwright@gmail.com>

Good evening:

The family court case #233-651265-18 has earlier today been removed to the United States District Court, which removed the jurisdiction of Tarrant County courts and freezes everything within the family court case to remain just as it is, pending all future proceedings within the federal court.

Since jurisdiction was removed away from the state court, the hearing/trial previously scheduled for tomorrow must now be cancelled, and this email is a courtesy matter to explain any basics of the effects of removing the case into federal court.  This email is also mere electronic notice, promptly made after perfection of removal was just completed, as a civil courtesy to you especially regarding the same resulting hearing cancellation.  Naturally, all of you have direct electronic access to the Notice of Removal just filed with E-File.

Bare bones copy proof of removal is attached for your convenience, but all Defendants will of course shortly receive their own entire copy sets of the roughly two dozen different federal filings via service, and alternatively, any already-admitted bar member of the Northern District of Texas may download the entire new federal case package via their CM/ECF account.  For reference only, all named Defendants will also receive their own entire paper copy sets separately, via tracked mail.

As clarification and reminder, anything the state family court might unwisely attempt after loss of jurisdiction to the federal court would be wholly void *ab initio*, and acts done without jurisdiction abrogate all defenses of judicial immunity.

"In *National Steam-Ship Co. v. Tugman*, 106 U.S. 118, 1 S. Ct. 58, 27 L. Ed. 87 (1882), the Supreme Court held that the removal of a case from state court to federal court ends the power of the state court to act. Upon the filing, therefore, of the petition (for removal) and bond ... the jurisdiction of the state court absolutely ceased, and that of the circuit court immediately attached. The duty of the state court was to proceed no further in the case. Every order thereafter made in that court was coram non judice, unless its jurisdiction was actually restored. 106 U.S. at 122, 1 S.Ct. at 60. See *Johnson v. Estelle*, 625 F.2d 75, 77 (5th Cir. 1980) (per curiam); *South Carolina v. Moore*, 447 F.2d 1067, 1073 (4th Cir. 1971); *Allman v. Hanley*, 302 F.2d 559, 562 (5th Cir. 1962). The jurisdiction of the state court is not restored unless and until the federal court remands the case. *Lowe v. Jacobs*, 243 F.2d 432, 433 (5th Cir. 1957), cert. denied, 355 U.S. 842, 78 S. Ct. 65, 2 L. Ed. 2d 52 (1957). A state court judgment in a case that has been removed may not foreclose further federal proceedings in the removed case and the federal court may enjoin a party from enforcing the state court judgment. *Adair Pipeline Co. v. Pipeliners Local Union No. 798*, 325 F.2d 206 (5th Cir. 1963); *Roach v. First National Bank of Memphis*, 84 F.2d 969 (5th Cir. 1936)." -- *E. D. Systems Corporation v. Southwestern Bell Telephone Company*, 674 F.2d 453 at §§ 19-21 (5th Cir. 1982).

Even if the removal is unsuccessful, case law clearly commands that is irrelevant, and that any state court orders during removal pendency are still void *ab initio*.

Feel free to ask of me any reasonable question you may have about the effect of removal.

Thank you for your time and attention.

Respectfully,
Dr. Brooks McKenzie

---

**ATTACHMENT State Notice Removal.pdf**
2351K