Case No. 4:23-cv-00371

---

## UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

---

| | | |
|---|---|---|
| Lewis Brooks McKenzie, | ) | In a removal from the 233rd Judicial |
| | ) | |
| Plaintiff - Appellant | ) | District Court of Tarrant County, TX |
| | ) | |
| v. | ) | State case number: 233-651265-18 |
| | ) | |
| | ) | |
| STATE OF TEXAS, HOLLY HAYES, and KELLI MARIE (RAYBURN) MCKENZIE, | | FORMAL DEMAND FOR JURY TRIAL |
| | ) | CONSTITUTIONAL CHALLENGES |
| Defendant-Respondents. | ) | |
| | ) | INJUNCTIVE RELIEF REQUESTED |

## Appellant Lewis Brooks McKenzie's Appeal of Remand

Comes now Appellant, Lewis Brooks McKenzie, *pro se*, demonstrating more than mere "good cause" in moving to appeal, by stating thusly:

Table of Contents

Table of Contents . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

Table of Authorities . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

Argument . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

True Nature of Case vs. Flawed Case Proceedings . . . . . . . . . . . . . . . . . . . . . . 3

True Nature of Case . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   3

Flawed Case Proceedings . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   5

Motion to Dismiss Appeal Was and Is a Legal Nullity . . . . . . . . . . . . . . . . . .   8

Fraud Upon the Court . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   10

No Valid Authority to File Anything . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   11

Formal Request for Judicial Notice . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   12

Conclusion . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   12

Certificate of Service

Certificate of Format Compliance

## Table of Authorities

Federal Cases
*Johnson v. Mississippi*, 421 U.S. 213, 421 (1975) . . . . . . . . . . . . . . . . . . . . . . . .   4

Federal Statutes
28 USC § 1443 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   *passim*
42 USC § 1981 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   3, 4
42 USC § 2000b-2 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   3, 4

Federal Rules
FRAP 27 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   9
5th Cir. Rule 27.4 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   9
5th Cir. Rule 28.2.1 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   9

Texas Law
TX Const., Art. 4, Sec. 22 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   11
TX Gov't Code, Chp. 402, Sec. 402.021 . . . . . . . . . . . . . . . . . . . . . . . . . . . .   11
Rule 1.15 of the Texas Disciplinary Rules of Professional Conduct . . . . . . . . .   12

## TRUE NATURE OF CASE VS. FLAWED CASE PROCEEDINGS

### [True Nature of Case]

On 17 April 2023, the undersigned Petitioner-Appellant filed Section 1443 removal in the district court (ECF 1), formally raising specific facial challenges to state statutes of Defendant Texas (ROA.103-106), as absolutely required for the core validity of any Section 1443 removal (which *must* be based upon facial challenges to state statutes), and together with removal also as an original civil action raising fully independent and specifically-identified federal causes of action inextricably intertwined with the very same constitutional challenges raised against the very same state statutes of Defendant Texas and generally about all of the same intertwined matters, including claims separately raised specifically under the federal Consumer Credit Protection Act, the federal False Claims Act, and for racial (and gender) discrimination within public facilities in violation of 42 USC §§ 1981 and 2000b-2,  (ROA.022-023, ROA.041-043, ROA.046-047, and etc...). *See* also, the Memorandum for Clerk (ECF 6), i.e., for the *intake* clerk, which is also further entitled as a summary overview of the entire case for the ease of the district court and all parties.

Within the original removal petition itself, I ***did*** formally, specifically and duly allege complaining facts about racial discrimination occurring directly within the case context.

Within the original removal petition itself, I formally, specifically and duly cited to applicable federal statutes that prohibit such racial discrimination (again, 42 USC §§ 1981 and 2000b-2).

Accordingly, by the original removal hybrid petition-complaint itself, I had already satisfied the established elements to proceed with Section 1443 removal jurisdiction, namely that I had raised claims under a federal law "*providing for specific civil rights stated in terms of racial equality*" (again, 42 USC §§ 1981 and 2000b-2), and that I had also shown the exception for manifest expression of state law in demonstrating that "`an equivalent basis could be shown for an equally firm prediction that the defendant would be 'denied or cannot enforce' the specified federal rights in the state court`" *Johnson v. Mississippi*, 421 U.S. 213, 421 (1975).

I also filed formal challenges to 28 USC § 1443 itself (ROA.107-110) to legally induce appearance and engagement in these matters by the US-AG and/or local US Attorney.

Upon all four (4) said legal triggers, by that point Statutory Intervenor United States had: (1) an option to intervene, (2) a duty to intervene, (3) another option to intervene, and (4) another duty to intervene, respectively, under the Consumer Credit Protection Act, under the False Claims Act, regarding both racial and

gender discrimination within public facilities, and to defend the constitutionality of federal statute 28 USC § 1443.

Filing said removal under Section 1443 in the nature of a quasi-class action lawsuit (statewide challenge in essence of nature, but focused and narrowly-tailored to facial challenges against state statutes), *never even ONCE did I ever raise* any complaint whatsoever, or any argument whatsoever, or any request for relief whatsoever, in regards to ***any*** one or more particular state court orders or judgments, *ever* (ECF, *passim*), as the action filed in the district court was never about any particular event within my personal state court case -- via removal and required federal facial challenges to state statutes -- that my *entire state court case* is entirely void *ab initio* and should not even exist... at all..., because it is entirely based upon those very same state statutes herein facially challenged for clear unconstitutionality.

### [Flawed Case Proceedings]

The district court refused its clear duties and *never* issued out *either* of the statutorily-required certifications to TX-AG Paxton or to US-AG Garland, and none of opposing counsel ever addressed that required duty (ECF, *passim*), in any way, shape or form (ECF, *passim*), as the object of their joint obstruction of justice was always to ignore, conceal and cover-up those facial challenges to Texas

statutes, and likewise to ignore, conceal and cover-up the fact that I had also and independently raised parallel claims on the same facial challenges via the CCPA, the FCA, and regarding racial and gender discrimination in public facilities.

Neither the district court, nor any Defendant-Appellees, *ever once* addressed any aspect of the formal facial challenges I had duly raised against Defendant Texas' state statutes, in any way, shape or form, as the object of their joint obstruction of justice was always to ignore, conceal and cover-up those facial challenges to Texas statutes, and likewise to ignore, conceal and cover-up the fact that I had also and independently raised parallel claims on the same facial challenges via the CCPA, the FCA, and regarding racial and gender discrimination in public facilities.

Throughout the entirety of the district court proceedings, all same counsel (acted unethically in joint conspiracy to continuously and repeatedly deceive the district court judicial officers, by all said counsel continuously arguing frivolously about my own personal state court case removed, as if I was "improperly" in a federal court to try attacking *particular state court judgments*, but could not identify any particular ostensible state court order that I was supposedly attacking, because I simply was not and never did seek any relief regarding any particular state court order, whatsoever, ever.

Since the goal and object of my facial challenges to state statutes within Section 1443 removal are the same as every other valid removal case in history -- that *the*

*entire state court case be invalidated in its entirety* for being unconstitutionally based upon repugnant state statutes, that declaratory relief, brought in quasi-class action nature on behalf of all similarly-situated citizens of Texas, is the **only** declaratory relief I need, as rendering void *ab initio* my entire state case covers everything I could have claimed via a personal damages lawsuit on its own, hence there was never any need to attempt any collateral attack against any particular state court case order(s) whatsoever.

Nevertheless, all same counsel below (and also listed herein) continued their manifest fraud upon the court, taking their wholly false and frivolous arguments about me supposedly attacking particular state court orders to the point wherein they also went to great and extraordinary lengths to further argue frivolously and falsely that various abstention doctrines should apply -- which same material fraud upon the court was joined by the magistrate in his report and recommendations (ECF 25), and which same material fraud upon the court was expressly approved and adopted by the district court judge via his final opinion (ECF 32).

Of course, abstention doctrines, when they actually *do* apply, still are only *sometimes* applicable in federal cases where the petitioner or plaintiff is actually attacking one or more particular state court orders, but also, of course, abstention doctrines *do not* apply, whatsoever, to cases or causes of action that are statewide class action challenges in their nature and/or otherwise filed on behalf of a class of

7

similarly-situated victims, and further, abstention doctrines simply do not apply, and cannot apply, in the context of my duly raised claims under the CCPA, under the FCA, and for racial and gender discrimination in public facilities, as all three (3) of those causes of action were and are *original* federal jurisdiction.

The simple fact of the matter herein is that, *still to this very day*, I have <u>never</u> yet even been heard upon my *de jure* claims actually filed and presented, I have <u>never</u> yet been afforded ***any*** meaningful review of my same claims duly raised, and indeed, the lower district court proceedings were fraught with all manner of obstruction of justice, by all manner of knowing and intentionally fraudulent misrepresentations, all in order to \*prevent\* my actual claims duly raised from ever being heard... at all... ever.

———

## FRAUD UPON THE COURT

Mr. Graydon's motion to dismiss appeal was also fraudulent on its face, as he violated the above substantive motion rule requirement to include a full copy of the district court opinion ***because*** it contradicts his attempt to mislead and deceive this Court via various falsified facts he unethically misrepresented in his motion:

--- he falsely argued "failed" removal requirements, when actually I did not, nor was that the extent of the district court final order (ROA.867-869) (the same is also **Exhibit B** attached hereto), which Mr. Graydon **admitted** (*see* his motion to dismiss appeal, at 2) was in approval and adoption of the magistrate's report and recommendations, which requires raising issues for appeal via the <u>Objections</u> that I filed (ROA.835-866), and therefore the appeal issues herein *include every issue therein*, which I did not abandon, and ***did*** raise via my opening <u>Brief</u> herein;

--- nor did I bring appeal *only* upon what the district court ***did*** do, but also for what the district court ***failed*** to do, like utterly failing my right to a competent, fair and impartial tribunal, like providing any of my actual claims the right to even be heard, at all, nor affording any scintilla of my right to actual meaningful review of any of my filings, all of which issues are ***not*** waived because they have, in fact, been briefed by my opening <u>Brief of Appellant</u> -- and *see* also my <u>Formal Request for Judicial Notice</u> filed herewith today, for more failures of the trial court process;

--- he falsely argued that Texas is not a party, which is the most ridiculously false and fraudulent allegation of them all, as Mr. Graydon knows Defendant Texas was duly served with full removal package of all initial papers along with standard federal waiver of service forms, which is why he appeared in the first place…, he also clearly further knew and knows that facial challenges were raised herein below against Defendant Texas' state statutes, and he also clearly knows, by virtue of his employment, that *only* the TX-AG may defend the constitutionality of Texas state statutes, and that the TX-AG also has a duty to so defend. *See*, e.g., TX Const., Art. 4, Sec. 22, and TX Gov't Code, Chp. 402, Sec. 402.021.

Accordingly, for these reasons alone, the Court's entry of dismissal of appeal, induced solely by a wholly fraudulent motion to dismiss designed to conceal and deceive the true nature of this case, should be vacated, recalled, or otherwise set aside, modified and/or superseded.

## NO VALID AUTHORITY TO FILE ANYTHING

Mr. Graydon was and is also without valid legal representational authority herein to file or respond to anything, as are all other presently-listed counsel for various Appellees.

As discussed above, each of them willfully perpetrated such egregious levels of gross misconduct against their established ethical duties, some of which same wholly illicit acts by each of them also constitute various ("white collar") felony

11

crimes, that as part of oppositional responses to each of their obstructionist motions to remand, they were duly notified and instructed to comply with their legal duty to then promptly withdraw from these same matters. *See*, e.g., my <u>Response</u> (ROA.585-628) filed to Mr. Graydon's such equally fraudulent motion to remand, as well as all my other responses to all other motions to remand (ROA, *passim*).

Hence, all same attorneys were duly required to withdraw from these matters, back then, at those times, pursuant to Rule 1.15(a)(1) of the Texas Disciplinary Rules of Professional Conduct, and none of them have any valid legal representational authority herein to have filed anything whatsoever in this appeal.

## FORMAL REQUEST FOR JUDICIAL NOTICE

*See* also, my <u>Formal Request for Judicial Notice</u> likewise filed today, which is now incorporated herein by reference in its entirety the same as if it had been fully set forth. (H.I.)

## CONCLUSION

Accordingly, for any and/or all of the above good cause reasons, the Court's entry of dismissal of appeal, induced solely by a wholly fraudulent motion to dismiss, designed to conceal and deceive the true nature of this case, that was further filed by an attorney who neither had nor has any valid representational authority herein, and that was even further insufficient for multiple violations of

rules requirements for motions seeking substantive relief, should be now vacated, recalled, or otherwise set aside, modified and/or superseded.

I actually *did* satisfy the elements for Section 1443 removal, and Mr. Graydon's fraudulent motion to dismiss was not only false about that, but also confirms likewise that the district court itself was erred upon that same matter, and while reversal of the district court would be one option, it is because the district court proceedings were so completely devoid of ever actually hearing my claims, at all, let alone fully with any actual meaningful review, that the option this Court should employ is one of these, to-wit, to either:

--- find that the district court proceedings were clearly insufficient to develop an adequate and true record for purposes of proper appellate review, hence stay this appeal, and remand back to the district court for such further proceedings;

--- find that the district court proceedings violated this Appellant's due process rights to be heard, to meaningful review, and/or otherwise find similarly, hence reverse the district court, and remand back to the district court for such further proceedings;

--- *or*, order any such other relief reasonable under the circumstances to compel said same such further proceedings.

**WHEREFORE**, your Appellant now formally requests that this appeal be reopened/reinstated, and upon good cause shown, and under the options suggested,

moving the Court to find that the district court failed to perform an adequate job in handling the instant removal with original federal claims, and therefore remand back for all such further proceedings, or order substantially similar relief, and your Appellant also hereby moves for all other relief true and just within these premises.

Respectfully submitted,

/s/ David E. O'Connor /s/

_____

David E. O'Connor
307 Angus Drive
Cedar Park, TX  78613
Tel:   (512) 998-0313
Email:   54guitlite96@att.net
*Plaintiff – Appellant*

## CERTIFICATE OF SERVICE

I hereby certify:  that on this __6th__ day of June, 2023, a true copy of the above *petition for rehearing*, by automatic service of this Court's filing system as applicable, or by depositing same via first class postage prepaid mail, USPS or equivalent postal carrier, is being duly served upon:

*(Cross-Defendant State of Texas)*
c/o Scot M. Graydon, SBN 24002175
Office of the Attorney General
P.O. Box 12548, Capitol Station
Austin, TX  78711-2548

*(Counter-Defendant Trish Ho)*
c/o Eric R. Little, SBN 24014596
Law Office of Eric R. Little
219 Texas Avenue
Bacliff, TX  77518

14

*(Cross-Defendant Thompson etc.)*
Thompson, Salinas & Londergan
c/o Michael B. Johnson, SBN 24029639
Thompson Coe Cousins & Irons
2801 Via Fortuna, Suite 300
Austin, TX  78746

*(Cross-Defendant Dalrymple etc.)*
Dalrymple, Shellhorse, Ellis & Diamond
c/o Mike F. Pipkin, SBN 16027020
Weinstein Radcliff & Pipkin
8350 N. Central Expressway, Suite 1550
Dallas, TX  75206

*(Cross-Defendants Soifer and Crump)*
c/o Anthony J. Nelson, SBN 14885800
Assistant County Attorney
Travis County Attorney's Office
P.O. Box 1748
Austin, TX  78767

*(Cross-Defendant Alissa Sherry)*
c/o Leslie A. Benitez, SBN 02134300
Gordon Rees Scully & Mansukhani
901 S. Mopac Expressway
Building 1, Suite 480
Austin, TX  78746

*(Statutory Intervenor United States)*
c/o U.S. Atty General Merrick Garland
Office of the U.S. Attorney General
U.S. Department of Justice
950 Pennsylvania Avenue, NW
Washington, DC  20530-0001

*(Statutory Intervenor United States)*
c/o U.S. Attorney Ashley C. Hoff
Office of the U.S. Attorney TXWD
903 San Jacinto Blvd
Suite 334
Austin, TX  78701

   *and*, that I further certify that, on this same __6th__ day of June, 2023, the same foregoing *petition for rehearing* is timely filed as a PDF via the Court's e-filing system pursuant to 5th Circuit Rules 25.2.4 and 26.1, and that follow-up of the requisite number of true and complete copies of the foregoing *petition for rehearing*, by depositing said copies via "overnight" or similar express and tracked first-class United States mail or equivalent carrier, postage prepaid, has been duly served upon:

Lyle W. Cayce, Clerk
Fifth Circuit Court of Appeals
600 S. Maestri Place
New Orleans, LA 70130

Note:  Since the United States has yet to ever formally enter the case, no electronic means of service are available, so both above recipients for Statutory Intervenor United States are served only via hardcopy paper versions via mail or equivalent.

/s/ David E. O'Connor /s/

_____

David E. O'Connor

## CERTIFICATE OF FORMAT COMPLIANCE

1. This formal request complies with the type-volume limitation of Fed.R.App.P. 32(a)(7)(B) because it contains __2642__ words, excluding the parts exempted by Fed. R. App. P. 32(a)(7)(B)(iii).

2. This formal request complies with the typeface requirements of Fed.R.App.P. 32(a)(5) and the type style requirements of Fed.R.App.P. 32(a)(6) because it has been prepared in a proportionally spaced typeface using Microsoft Word in 14-point Times New Roman.

/s/ David E. O'Connor /s/

_____

David E. O'Connor
307 Angus Drive
Cedar Park, TX  78613
Tel:   (512) 998-0313
Email:   54guitlite96@att.net
*Plaintiff – Appellant*

Dated:   ___June 6th, 2023___